State vs. Washington.

## No. 9037.

### THE STATE OF LOUISIANA VS. NATHAN WASHINGTON.

| 36 | 341 |
| 49 | 1601 |
| 36 | 341 |
| 50 | 918 |
| 36 | 341 |
| 109 | 351 |
| 36 | 341 |
| 112 | 980 |
| 112 | 982 |

Applications for new trials in criminal cases on the ground of newly discovered evidence must always be received with caution. The inducements to false swearing on the part of the person convicted are obvious, and therefore the rule is well established that his affidavit alone will not suffice. It must be supported by the affidavits of others, and when possible, by those of the newly discovered witnesses.

The mere statement that the accused did not know of the testimony in time to have brought it forward, is not sufficient. It must appear that he could not have ascertained it by reasonable diligence.

Great reliance is placed upon the trial courts by appellate tribunals that they will exercise the discretion entrusted to them, in the matter of granting new trials in criminal cases, well and wisely, and consequently their refusal to grant them is rarely disturbed.

APPEAL from the Sixth District Court, Parish of West Carroll. *Brigham*, J.

*J. C. Egan*, Attorney General, for the State, Appellee.

The Defendant and Appellant unrepresented in this Court.

The opinion of the Court was delivered by

MANNING, J. The defendant was convicted of inflicting a wound less than mayhem, and was sentenced to hard labour for one year, and was fined fifty dollars.

A bill was taken to the refusal of the judge to charge "that drunkenness does excuse crime where, in the absence of criminal intent, the condition of the accused was such that he knew not what he was doing, and intended no offence."

The charge thus requested is erroneous as an abstract proposition of law, and if it had been correct, there is nothing to shew that it had any relevancy to the case. On either ground it was properly refused.

A new trial was prayed on several grounds: 1—because at the time of the assault the defendant was not in a condition to know what he was doing, or to remember what happened, or who were present, and was consequently unable to get together all the evidence in his behalf; 2—that he has discovered since the trial new and material evidence, and then goes on to recite what it is, and by whom he can prove it, which he alleges will establish that he acted in self defence. The prisoner's affidavit is appended to the motion, and his alone.

Applications for new trials on the ground of newly discovered evidence must always be received with caution. The inducements to false swearing on the part of the person convicted are obvious, and therefore the rule is well established that the application for the new trial must

be corroborated by the affidavits of other persons than the party convicted. If possible, the affidavits of the newly discovered witnesses should be produced. Pleasant vs. State, 8 Eng. 360.

There is also something else required than the mere statement that the accused did not know the existence of this testimony in time to have brought it forward. It must affirmatively appear that he could not ! ave ascertained it by reasonable diligence. His affirmation, that he did not know what was done or who were present at the assault, develops into a flimsier pretext than even appears on its face, when the record is scrutinized and he is there disclosed to have been arrested on May 30th, released on bond instanter, and not tried until October.

Large discretion is given the trial courts in the matter of granting new trials in criminal cases, and great reliance is placed upon them by appellate courts that they will exercise that discretion well and soundly, and their action thereon is rarely disturbed. Jones vs. State, 1 Kelly, 610; State vs. Camp, 23 Vermont, 551; Pate vs. People, 3 Gilman, 644.

Judgment affirmed.