State vs. Ford.

## No. 188.

### THE STATE OF LOUISIANA VS. MAY FORD.

1. The essential elements of forgery to be charged against the accused and proved are three:—
   1st. A writing, in such form as to be apparently of some legal efficacy.
   2d. An evil intent, of the sort deemed fraudulent, in the mind of the defendant.
   3d. A false making of such writing.
2. A jury ought to *infer* an intent to defraud the person who would have to pay the instrument, if it were genuine, although from the manner of executing the forgery, or from that person's ordinary caution, it would not be likely to impose upon him.
3. A clerical error in writing a name in an indictment cannot be invoked as vitiating the proceeding. 32 Ann. 782; 35 Ann. 293.

APPEAL from the First District Court, Parish of Caddo. *Hicks*, J.

*M. S. Crain*, District Attorney, for the State, Appellee.

*S. P. Watts* and *M. C. Elstner* for Defendant and Appellant.

The opinion of the Court was delivered by

WATKINS, J. The accused appeals from a conviction for forgery and asks a reversal of judgment and sentence on the ground that " the State did not prove on the trial that McKellar was indebted to Frierson, or that Frierson was a creditor of McKellar."

The indictment sets out that the name of S. J. Frierson was forged to an order for $85 in money, which the accused wilfully, falsely and fraudulently forged, counterfeited, uttered, published, and put off as genuine; and which was presented to R. N. McKellar— on whom said

order was drawn—for payment, with intent to cheat and defraud said McKellar, said May Ford well knowing said order to be false, fraudulent and forged at time of presentation.

It appears that after the trial judge had delivered an oral charge to the jury the prisoner's counsel requested him to give them the following special charges, viz:

1st. That the jury must be satisfied from the evidence that R. N. McKellar would have paid the said order had it been genuine, before they could the defendant.

2d. That the jury must be satisfied from the evidence that the defendant forged the name of *S. J.* Frierson as charged in the bill, and not the name of *J. S. J.* Frierson, before they could convict the defendant.

I.

These special charges the trial judge declined to give for reasons assigned in the bill of exceptions reserved by accused, viz: "The first charge was refused because the court had charged the jury that if the order was a forgery, it was sufficient if it had an adaption to accomplish a fraud."

Mr. Bishop says: "The *essential elements* of forgery, to be charged against the defendant and *proved*, are three:—

1st. A writing, in such form as to be apparently of some legal efficacy.

2d. An evil intent, of the sort deemed fraudulent, in the mind of the defendant.

3d. A false making of such writing. Crim. Proc. sec. 400; 2 Crim. Law, sec. 523.

"A jury ought to *infer an intent* to defraud the person who would have to pay the instrument if it were genuine, although from the manner of executing the forgery, or from that person's ordinary caution, it would not be likely to impose on him, and although the object was *general*, to defraud whoever might take the instrument, and the intention of defrauding, in *particular*, the person who would have to pay the instrument, if genuine, did not enter into the prisoner's contemplation." Russell and Ryan's British Crown Cases, vol. 1, p. 291, Rex vs. Mary Mazorka; 19 Ann. 396.

"If there be, at any time, a *bare possibility* of fraud, it is enough to constitute the offense." Whar. Crim. Law, p. 338; Archbold's Crim. Plead. 346; 35 Ann. 1042, State vs. Ferguson.

The ruling of the court on this point was correct.

## II.

The judge further assigns that the second charge was "refused because the order had been read to the jury without objection, and the jury were then the sole judges whether it proved the allegations of the indictment, as to alleged or supposed drawer or not.

If there was a variance in the name of the supposed drawer as alleged in the indictment, and that in the order, objection should have been taken when offered in evidence, and the court would have decided whether there was a variance.

"And because the court had charged that the jury must be satisfied beyond all reasonable doubt that the defendant committed the crime of forgery of the *order as set out* in the pleadings."

In 35 Ann. 293, State vs. Morgan, this Court say: "A clerical error in writing a name in an indictment cannot be invoked as violating the proceeding.

32 Ann. 782, State vs. Given: "A question of variance between the allegation, and the proof is to be submitted, under proper instructions from the court, to the jury; unless the variance is palpable; in which case it is not.

"An allegation that a banknote is payabte to "A bearer," is supported by proof of a note payable to "A *or bearer*."

We think the instructions given by the trial judge to the jury, were sufficient, as also the reasons he assigns for refusing the charge requested.

## III.

In this Court defendant's counsel assigns error apparent on the face of the record, that "the minutes of the court do not show that the defendant was present in court *when the verdict of the jury was rendered.* T. p. 10.

The minutes referred to as not *affirmatively* showing the presence of the accused in open court at the time when the jury delivered their verdict in open court is as follows, viz:

"SHREVEPORT, La., Friday, September 24, 1886.

"Court met pursuant to adjournment, his Honor, A. W. O. Hicks, judge, presiding.

"Minutes of yesterday read and approved in open court.

"STATE OF LOUISIANA
   versus       Forgery and Uttering.
MAY FORD.

"Case called for trial. The *defendant, May Ford, in open court,* having been duly arraigned and pleaded thereto not guilty. Now comes

the district attorney who prosecutes on behalf of the State of Louisiana, and *the prisoner at the bar in his own proper person* represented by P. S. Watts and M. C. Elstner, Esqrs., who announced themselves ready for trial.   Whereupon came the following named jurors drawn from the regular panel, to-wit:   *   *   *   making in all twelve good and lawful men of the parish of Caddo, duly empanelled and sworn who, after hearing the evidence, argument of counsel and charge of the court, retired to consider of their verdict, and on returning into open court do, upon their oaths, say :   ' We, the jury, find the prisoner guilty.'                                          LOUIS LEVY, Foreman."

All of these proceedings were had upon one and the same day, and without any adjournment of the court.   The prisoner was present in open court when the trial commenced and must have been at the close when the verdict was rendered.

The repetition of that recital in the minutes would have been, under the circumstances detailed, unnecessary.   Had there been an adjournment of the court after the jury retired, or had the verdict been rendered upon a subsequent day, that recital in the minutes would have been necessary and its omission fatal.

Judgment affirmed.