BREAUX, C. J.
The defendant appeals from the verdict of a jury and a judgment *981 •of the court, whereby he was found guilty •of murder and condemned “without capital punishment.”
The questions presented on appeal were raised on the motion for a new trial.
They are that the verdict is contrary to Jaw and the evidence; that, after the trial, ■defendant discovered new evidence, material to the issue, which he did not have at the trial, notwithstanding he had exerted due •diligence in searching for all evidence in his behalf.
The following, the defendant avers, is the newly discovered evidence:
That, immediately after the deceased had received the gunshot wound which soon afterward resulted in his death, a physician, Dr. Tuten, was called in to see him. The deceased voluntarily stated to him that he did not see who shot him, but that he “simply believed it was the defendant, by reason of the fact that they had had a misunderstanding.” That he would show, by facts and circumstances which are stated in the motion, that one Bill Peters, the paramour of the wife of deceased, now in Texas, in all probability shot the deceased.
The next group of facts is set up to prove an alibi.
As a further ground of the motion for a new trial, defendant alleges that he expects to prove by W. L. Oaks that a few days before the impaneling of the jury he heard one of the jurors state that he would convict the defendant, if taken to serve on the jury.
In taking up the points for decision, we pass the first ground — that the verdict is contrary to law and evidence — because it presents no question for review on appeal. We are powerless to review the ruling on this point. State v. Travis et al., 39 La. Ann. 358, 1 South. 817.
As relates to the other grounds urged, it has become well-settled jurisprudence that a motion for a new trial, asked for on the ground of newly discovered evidence, must be sustained by the affidavit of others than the defendant.
AVe quote from State v. Young and Barbo, 34 La. Ann. 346, in which it was held that:
“The application for a new trial on the ground of newly discovered evidence must be corroborated by the afiidavit of other persons than the accused, and, if possible, those of the newly discovered witnesses themselves.” Archbold’s Cr. Pr. & PI. p. 652; Pleasants v. State, 8 Eng. (Ark.) 360, and other decisions. See, also, State v. Edwards, 34 La. Ann. 1012.
This ruling was affirmed in State v. Miller, 36 La. Ann. 159:
“It must be supported by the affidavit of others, and, if possible, by those of the newly discovered witnesses.” State v. Washington, 36 La. Ann. 341. See, also, State v. Cotten, 30 La. Ann. 980.
Motion will be overruled when “supported only by affidavit of accused.” State v. Hanks, 39 La. Ann. 235, 1 South. 458.
The uncorroborated affidavit of the accused for a new trial on the ground of newly discovered evidence will not be considered. State v. Adams, 39 La. Ann. 238, 1 South. 455.
This being the well-established jurisprudence, we have applied ourselves specially to a consideration of the affidavits filed to corroborate the statement of the defendant made with the view of obtaining a new trial.
We insert here the material part of the affidavit of Oaks, before mentioned, who swore:
“That he heard a certain juror, who was taken on the jury which tried Paul Jones for the murder of Bill Harvey at the March term of court, 1904, say that, if he was selected as a juror to try said case, he would convict the said Paul Jones, and, on the other hand, if he was taken on the jury to try William Peters for the same offense, he would acquit him. That said juror, when this statement was made, was aware of the fact that he had been drawn to serve as a juror for the second week of the March term of court as aforesaid. That said statement was made after the jury was drawn and published in the official journal of Vernon parish, and that affiant did not convey this information to defendant nor his attorney until after the conviction of Jones.”
The affidavit on which defendant rests his I application for a new trial sets out the facts *983 constituting the alleged irregularity clearly enough. The misconduct itself is alleged. But this affidavit is entirely insufficient in another particular, for the reason that it does not aver who was the juror by whom the declaration was made, constituting the misconduct. It is not definite. It has the appearance of an attempt at withholding a name which should have been given.
The state and her prosecuting officers could not meet such an affidavit and rebut it in any way. The affiant, it appears to us, knew by whom the words were uttered. Having-failed to furnish the name, and having failed to state anything that would give the least clew to the identity of the juror against whom the misconduct is charged, it could not be sustained. Neither the defendant, in his motion, nor the affiant, Oaks, saw proper to mention this name. We must, under the law, and in reason, decline to consider this affidavit as having any significance in the cause.
The affidavit was too general. It cannot be inferred that it related to any particular juror.
The following quotation from the Encyclopaedia of Pleading & Practice seems well sustained by decisions referred to. We examined a few, and found that they sustain the note:.
“An affidavit to secure a new trial because of the misconduct of a juror must identify the juror against whom the misconduct is charged.”
On another point, it appears that the affidavit made by E. E. Oarroll in regard to newly discovered evidence is based exclusively upon hearsay evidence. It consists only of that which he says he heard Bill Peters say in regard to some troubles which Peters had with deceased on account of his (deceased’s) wife; that, because of these troubles and difficulties, a third person, Peters, was the one, and not Jones, the defendant, who had taken the life of Bill Harvey.
Mere hearsay testimony in such a matter as that which now engages our attention is not admissible. If the affiant had been present at the trial, these hearsay statements would not have been admitted. They are not rendered admissible by the fact that they are set out in an affidavit.
The test to determine its sufficiency as an affidavit is that it contains statements which, if sworn to, would have some weight in case of new trial.
The fact that the affiant may have heard a person make statements which may give rise to the-inference that this person is the criminal, and not the accused, is totally insufficient and entirely hearsay.
In a case such as this the affiant should be positive, and not set out statement of the impression created by the testimony of another person, or as to what he heard him say regarding facts going to show the innocence of the accused.
The affidavit, taken as a whole, even if considered by the court as presented, would not be entitled to weight, as it does not go to show with any degree of probability that the verdict of the jury, which we must assume, under the circumstances of the case, to have been rendered in accordance with law and evidence, was not correctly rendered.
We have referred above to the testimony of Dr. Tuten, who was called in to see the deceased after he had been shot, as set forth by the defendant.
This testimony is not corroborated by the affidavit of the doctor, and, under the well-settled rule to which we have referred, it cannot be considered.
The reference to Annie Harris, in defendant’s motion, by whom- he proposes, after the trial and conviction, if new trial be granted, to prove an alibi, is equally as uncorroborated by affiant, and, besides, does not impress us much in point of seriousness and importance.
It is a legal requirement that a verdict must remain undisturbed unless it is made *985 to appear, in the manner required, that an irregularity has been committed, sufficient to satisfy setting it aside.
We have found no ground upon which this defendant is entitled to relief at our hands. The questions of law decided present no ground for interference of an appellate tribunal, when jurisdiction is limited to question of law only.
For reasons assigned, the judgment is affirmed.