BRUNOT, J.
 

 The defendant was charged with striking with a dangerous weapon with intent to murder. 1-Ie was tried, found guilty of striking with a dangerous weapon with intent to kill, and was sentenced to imprisonment in the state penitentiary for not less than two nor more than three years. From the verdict and sentence, he appealed.
 

 There is one bill of exception in the record. It was reserved to the overruling of a motion for a new trial. The motion alleges that one Walter Lambert was summoned, as.a state witness, and was present in court throughout the trial, but was not called to the stand, and did not testify in the ease; that, since the trial, defendant and his counsel learned that said Lambert, if he had been called to the stand as a witness, would have testified that the hammer which was found near the prostrate body of the prosecuting witness was placed by said Lambert in the position where it was found. The affidavit of Lambert is attached to the motion, but he was present, as a witness for defendant, when the motion was heard, and, upon the state’s objection to the offering of his ex parte affidavit, it was excluded. This affidavit, together with all of the testimony offered ' on the motion for a new trial, is attached to and made a part of defendant’s bill of exceptions.
 

 Lambert, when called to the witness stand, testified at length. In substance, he said he was the first person to reach the prostrate form of Boudreau, the prosecuting witness. 1-Ie found • Boudreau lying upon the floor, in a helpless condition. Boudreau’s head was bleeding, he was rubbing himself with one hand, and the other hand was trembling, holding the hammer, but was not holding it up. The witness tried to lift Boudreau from the floor, and in doing so he pushed the hammer out of the way with his foot. He sent for help, and others came to his assistance. The witness says he repeatedly related to others all he knew about the case, but did not inform the accused or the accused’s father or attorney of the facts with-in his knowledge. The judge in his per curiam to the bill says:
 

 “This witness was cited by the state; was in court during the trial. He testified on the trial of the motion that he told everybody at the time of the offense what he knew, never kept it a secret. The defendant and his father lived near the witness’ home or on the same plantation, and they could have ascertained this fact if they had exercised due diligence; they had nearly four months to obtain this evidence if it was of such importance to them. When this witness was not called in chief by the state, the attorney for the defendant and the gentleman, Mr. Mohlenbrock, who testified to the good character of the defendant and seemed to be interesting himself in behalf of this defendant, could have ascertained from the witness who was in court what he knew, and, if favorable to the •accused, could have called him in his behalf. * * * At best, the evidence of the new witness would be to contradict the testimony of Jake Ilford, the state witness, and the only eye
 
 *1013
 
 witness to the crime.' It is well settled that the mere production of contradictory evidence affords no basis to .give a new trial (State v. Keaveny, 49 La. Ann. 667, 21 So. 730), nor when it is apparent that there was a want of diligence in procuring the testimony of the new witness (State v. Sylvester Miller, 36 La Ann. 158).”
 

 We have read the testimony which is made a part of defendant’s hill of exceptions, and the statement of the trial judge made under the provisions of section 2 of Act 222 of 1926. The judge’s statement and all of the testimony, even that of the defendant, refutes the suggestion that Boudreau had a hammer in his hand at the time defendant struck him. How he happened to grasp the hammer, after being struck, if the testimony of Walter Lambert be true, is problematical, and proof of that fact alone could not be helpful to the defense.
 

 “Motions for new trial are conceded to rest within the exercise of the sound judicial discretion of trial judges; and same will not be disturbed by an appellate court except in clear cases of abuse.” State v. Major, 38 La. Ann. 642; State v. Venables, 40 La. Ann. 215, 3 So. 727; State v. Beck, 41 La. Ann. 584, 6 So. 431; State v. Vallery, 47 La. Ann. 182, 16 So. 745, 49 Am. St. Rep. 363; State v. Magee, 48 La. Ann. 901, 19 So. 933; State v. Bailey, 50 La. Ann. 533, 23 So. 603; State v. Benjamin, 105 La. 501, 29 So. 969; State v. Maxey, 107 La. 799, 32 So. 206; State v. Pastor, 111 La. 717, 35 So. 839; State v. Jones, 112 La. 980, 36 So. 825; State v. Brannon, 133 La. 1027, 63 So. 507; State v. George, 134 La. 861, 64 So. 800.
 

 There is an unbroken line of authorities holding that the trial judge is vested with great discretion in the matter of granting or refusing to grant new trials applied for on the ground of newly discovered evidence. It is also the rule that newly discovered evidence is ground for new trial only where it would be likely to produce a different result. See 2 La. Dig. p. 677, par. 450.
 

 We find no error in the ruling complained of, and the verdict and sentence appealed from are therefore atfirm'ed.