OVEBTON, Justice.
 

 Defendant was indicted for murdering his wife, and, upon trial, he was found guilty of the lesser offense of manslaughter. Following the conviction, he was sentenced to the penitentiary for a period of not less than thirteen nor more than twenty years. He submits to this court for consideration, six bills of exception, and an assignment of error, assigning a number of alleged errors, appearing upon the face of the record.
 

 The first bill of exception rests upon the refusal of the judge to quash the bill of indictment. The motion to quash is based upon the ground that the indictment concludes with the phrase, “Contrary to the form of the
 
 statue
 
 of the state of Louisiana in such cases made and provided and against the peace and dignity of the same,” therefore, it is said, failing to charge an offense against the accused, because of the use of the word “statue,” instead of the word “statute.” It is obvious that the word “statue,” used in this connection, makes no sense, and that the word that was intended to be used was the word “statute,” but was misspelt. However, if the misspelling of the word “statute” in this part of the indictment made the indictment defective, the defect was subsequently cured upon the order of the court. This order permitted the indictment to be amended by supplying the word “statute” for “statue,” and then rearraigning the accused. Code Cr. Proc. art. 284. The fact that the indictment was returned in a capital case, in which an indictment, instead of a bill of information, is required, does not prevent its amendment to cure a mere formal and obvious defect of speilin'g. There was, most likely, no occasion to amend the indictment. Jurisprudence establishes that an error of spelling or of grammar does not vitiate an indictment unless the sense is so obscured thereby that a person of ordinary intelligence cannot determine the meaning intended to he conveyed from' the context. State v. Hornsby, 8 Bob. 554, 41 Am. Dec. 305; State v. Karn, 16 La. Ann. 183; State v. Given, 32 La. Ann. 782; State v. Ford, 38 La. Ann. 797.
 

 Bill of exception No. 2 was taken to the leave granted to amend the indictment by cor
 
 *304
 
 rectly spelling the word “statute.” The bill was fully disposed of in passing upon bill No. 1.
 

 The third bill of exception was reserved to the ruling of the court, in admitting, over objection, certain evidence, given by a deputy sheriff, who arrested defendant immediately after the homicide. The objection, upon which .the ruling rests, is that the evidence was irrelevant, immaterial, and inadmissible. The state was relying on circumstantial evidence to obtain a conviction. The homicide was committed apparently with a hoe. A hoe was found on defendant’s premises behind 3 chicken house, with fresh blood and strands of hair on it. The state, among other things, was seeking to establish that defendant killed, the deceased with this hoe. The evidence, offered by the state and objected to, was the hoe, and evidence touching certain' statements, made by the accused, to the deputy sheriff, concerning the whereabouts of the accused at the time of the murder, and touching the blood-stained hoe, found behind the chicken house. The evidence, which consists of some nine pages, in our opinion, was material and relevant. It had a tendency to identify accused as the guilty person, and having such a tendency, it was admissible. Evidence that the hoe was the property of defendant was not necessary to make the evidence admissible. The place where the hoe was found, its condition, and the fact that deceased met death with a hoe, were sufficient to show the relevancy of that instrument.
 

 The fourth bill of exception was taken to the ruling of the court admitting evidence of a statement, made to his daughter the morning preceding the day of the homicide. The daughter testified that, on that morning, defendant told her that her mother had been fussing at him the night before, because he had lost some money, and that he had not slept well on that night. The purpose of the evidence was to show a motive for the homicide. The evidence was admissible for that purpose.
 

 The fifth bill of exception was taken to the refusal of the judge to discharge the jury, because the deputy sheriff in charge of it had not taken the oath as a deputy sheriff. It does not appear, nor does the record suggest, that the deputy sheriff was guilty of any misconduct with the jury. Although he had not taken the oath, required by the Constitution (article 19, § l),'he was, nevertheless, a deputy sheriff de facto, and, as such, his acts were valid. His failure to take .the required oath could not affect the validity of the verdict, when rendered. There was not sufficient reason to discharge the jury. State v. Smith, 153 La. 577, 96 So. 127, and cases therein cited.
 

 The sixth bill of exception was reserved by defendant to the overruling of a motion for a new trial. The motion reiterates the several rulings considered above. There is no reason to consider these rulings again. The motion also urges that the verdict of the jury is contrary to the law and the evidence. The ruling thereon presents nothing for review.
 

 Besides the foregoing bills reserved, defendant, as we have said, has filed an assignment of errors, consisting of six alleged errors, all based on the minutes of court.
 

 
 *306
 
 The first error alleged is that the minutes of court fail to show that all of the grand jurors were present when the indictment in this ease was returned. The minutes of court of October 16, 1933, the day the indictment was returned, read as follows: “The grand jury being present in open court, after having been polled, through their foreman, presented to the court the following bills of indictment. * * * ” While this form of minute entry does not expressly say that the poll of the grand jury showed that all grand jurors were present when the bill was returned, nevertheless the inference is a fair one that they were, for it was the grand jury that appeared in court and, through its foreman, presented the bill to the court. The very fact that the result of the poll of the grand jury was not given adds strength to the inference that, not only a quorum was present, but that the entire grand jury was present, when the entry is read, as it should be, in connection with that part of it, showing the entry of the grand jury into court. Certainly, the reference to the grand jury, without mentioning a single absentee, conveys the idea that all grand jurors were present, when the bill of indictment was returned.
 

 Errors Nos. 2, 3, and 4 are directed against the points that defendant was absent from the courtroom at several stages of the trial, when he should have been present. Of necessity, the only, evidence before us on these questions is what the minutes of court disclose. Error No. 2 the first one mentioned above, rests upon the averment that the minutes fail to show that defendant was present when the district attorney moved to amend the-indictment by changing the word “statue,” occurring therein, to “statute,” and that they also fail to show that defendant was present when the jury was selected. The third alleged error rests upon the ground that the minutes do not show that defendant was personally present when the jurors were sworn, and when the introduction of evidence was begun, and moreover that they fail to show that he was personally present during the argument and the charge of the court, or when the verdict was rendered. The fourth alleged error rests upon the ground that the minutes fail to show that defendant was personally present when the jurors were sworn;: and when the introduction of evidence was begun, and moreover that they fail to show that he was personally present during the argument and the charge of the court, or when the verdict was rendered. The fourth’alleged error also rests upon the ground that the minutes fail to show that defendant was personally present at the time the motion was made .and testimony taken thereon to have the jury discharged by reason of the fact that the deputy sheriff in charge of the.jury had not been sworn.
 

 It is not necessary to determine at what particular stages of the proceedings the’ accused must be present, for we think that’here the minutes show, either expressly or by fair inference that he was present at all of the stages mentioned.
 

 The motion to amend the indictment was made on March 19, 1934. It does not specifically appear in the minutes of that day, at the moment the motion was made, whether or not defendant was present, but following the making and granting of the motion, it does appear that he was'present, for the minutes
 
 *308
 
 of that day then recite that “defendant being present in open court was re-arraigned and plead not guilty.” The inference is clear that he was present when the motion was filed and leave to make the amendment was granted, whether his presence was necessary then or not. ■
 

 Errors 3 and 4 are based upon the minute entry of March 26, 1934. These are the minutes of the day on which defendant’s trial was begun and concluded by the verdict. “Where the record shows [as is the case here] that accused was present at the opening of the trial, and no interval appears between the commencement of the trial and the rendition of verdict, the trial being begun and concluded in one day, the presumption is that he, [the accused] was present in court during the whole time.” Marr’s Crim, Jurisp., pp. 407, 408, § 275.
 

 As the minutes of March 26, 1934, show that the accused, with his counsel, was present in court at the commencement of the trial, and that, when the trial was closed by the rendition of the verdict, the accused was remanded to jail, thus showing also his presence at the close of the trial, and, as it does not appear that any interval occurred between the commencement and close of the trial, and as the trial was begun and closed on the same day, the presumption is. that the accused was present throughout the trial. If the minutes give rise to an incorrect presumption, defendant should have had them corrected in the trial court contradictorily with the state so that they would reflect the truth.
 

 Error No. 5 is assigned on the ground that, although the jury was polled when they returned their verdict, nevertheless the minutes fail to show how each juror answered. The minutes do not show expressly how any one of the twelve jurors answered, but it is a fair inference that all of them answered that the verdict read was their verdict. The minutes recited, relative to the return of the jury into court to render their verdict that, “after filing the verdict, the jury was again polled and each individual answered whether or not the verdict read was theirs. The jury was then discharged from the case and the defendant remanded in custody of the sheriff to await sentence.” The inference is fair here, resting upon the recitals that the jury brought the verdict into court and rendered it, that, in polling the jury the answer of each was that the verdict was his. We do not well see how the minute entry could convey any other meaning.
 

 Error No. 6, the last one, rests upon the ground that the minutes fail to show that the district attorney made an opening statement to the jury explaining the nature of the charge and stating the evidence by which he expected to establish the charge, as provided by article 333 of the Code of Criminal Procedure. The minutes, granting that it is neeéssary that they should, refer to no opening statement by the district attorney. But be that as it may, the accused has as much right to waive the making of the statement expressly or tacitly as he has to waive the making of his own argument in the case. -The greatest effect that can be given the absence of mention of the opening statement is that defendant went to trial without demanding that it be made, and thereby tacitly waived it. He should have insisted that the district attor
 
 *310
 
 ney make the statement, and in the event that the court refused to require the district attorney to do so, he should have reserved a bill.
 

 No reversible error appearing in the record, the judgment and the verdict of the jury are affirmed.