190 So. 224

**STATE v. GRAY.**

No. 35338.

May 29, 1939.

Rehearing Denied June 26, 1939.

Olin D. Moore and J. Reuel Boone, both of Many, for appellant.

David M. Ellison, Atty. Gen., James O'Connor, 1st Asst. Atty. Gen., and Edwin M. Fraser, Dist. Atty., of Many, for the State.

ROGERS, Justice.

Sam Gray was indicted and tried for murder and convicted of manslaughter. On appeal from his conviction and sentence, defendant presents two complaints which were unsuccessfully urged in the district court in a motion for a new trial.

Defendant's first complaint is that the jury, during its deliberations, was in

charge of Ernest Allen, who was not a duly qualified deputy sheriff, and that therefore the jury was "subject to outside communication." This complaint is not well founded.

The evidence shows that Allen held a commission as deputy sheriff in Sabine Parish, approved by the State Bureau of Identification, and had continuously acted as deputy sheriff since the issuance of his commission, but that he had not taken and filed an oath as such. It does not appear, nor is it suggested that Allen was guilty of any misconduct with the jury. The fact that Allen was not sworn does not make his acts performed as a deputy sheriff illegal. He had been duly appointed according to law and was at least a de facto officer. His acts as deputy sheriff were valid. State v. Brown, 180 La. 299, 156 So. 359.

Defendant's second complaint is that he was entitled to a new trial because of newly discovered evidence, not merely impeaching or cumulative, which was sufficient to probably change the result of the trial. This complaint is also not well founded.

The homicide resulted from a quarrel between the defendant and the deceased, both negroes, in a negro dance-hall and gambling house in the Town of Zwolle. Defendant pleaded self-defense. The alleged newly discovered evidence consists of the testimony which it is said Venita Ware, Viola Morris and Addie Martin, three young negro women, would give, if a new trial were granted. Annexed to the motion for a new trial are the ex parte

affidavits of the alleged newly discovered witnesses.

The trial judge, in his per curiam, states that under the law and the evidence the verdict of the jury was proper; that in every respect, the case was one of manslaughter. The trial judge further states that the defendant and the deceased quarreled and continued to do so until the defendant, as he says, attempted to leave the room, which he was prevented from doing by a large negro woman who was in and blocked the doorway. Defendant testified that the deceased ran his hand into his bosom and that he clinched the deceased and felt a pistol under his shirt, and then he stabbed deceased the one time which caused his death. The trial judge says that under the evidence it appeared that both parties were ready to fight and that they had engaged in a fight which resulted in the death of the deceased. In addition to his own testimony given on the trial of the case that when he clinched the deceased he felt a pistol under his shirt, defendant produced a negro woman who testified that about a half hour before the deceased was killed, he had a date with her in her room down the hall on the same floor and that at that time deceased had a pistol in his possession. The affidavits of the three alleged newly discovered witnesses set forth substantially that they saw one Frank Tatum take a gun out of the shirt of the deceased and put it under his coat and that he then went out of the room. Addie Morris states in addition that she went out of the room with Frank Tatum and saw him put the gun under a plank between

two little houses off the side of the hall and that they then went back to the hall. Defendant neither produced any affidavit of Frank Tatum nor shows any reason why he could not do so.

The trial judge, in his per curiam, in commenting upon the alleged newly discovered evidence, says that conceding the three young negro women would testify to what they had sworn to in their affidavits, he was still of the opinion that the case would not be a case of self-defense but one where both parties were engaged in a gambling game, each ready to fight and did fight, in which one was killed; that he was convinced the alleged newly discovered evidence would be merely corroborative and cumulative of that given by the defendant on the trial of the case and that according to law and all the evidence that might be produced on a new trial, defendant would still be guilty of manslaughter.

From the per curiam of the trial judge, it is plain he was convinced that the plea of self-defense was without merit; that the defendant killed the deceased while they were engaged in a mutual combat; that the defendant was guilty of the offense of manslaughter, and that the verdict of the jury was in accordance with and responsive to the evidence.

■ Applications for new trials when based on the ground of newly discovered evidence should be received with extreme caution. State v. Stovall, 154 La. 544, 97 So. 854; State v. Lee, 173 La. 966, 139 So. 302, 309.

■ The granting or refusing of a motion for a new trial rests within the discretion of the trial judge, and his denial of the motion will not be disturbed by this court except for an abuse of the judicial discretion. State v. Barton, 178 La. 859, 152 So. 546; State v. Brandle, 187 La. 945, 175 So. 628.

■ The proposed evidence must not only be newly discovered, but also not discoverable by reasonable diligence before verdict, in order to justify the granting of a new trial. State v. Raney, 181 La. 638, 160 So. 124.

■ We see no reason why the defendant should not have discovered the proposed evidence prior to the trial of his case. It is stated in the brief filed on behalf of the State that the defendant was at liberty under bail for more than four months before his trial. In any event, he was able to engage counsel and more than four months elapsed between the date of the homicide and the date of his trial. The witnesses, whose testimony he alleges he can produce, live in the vicinity and he assigns no reason whatever for his failure to produce them on his trial.

We find no reversible error in the ruling of the trial judge denying defendant a new trial.

For the reasons assigned, the conviction and sentence appealed from are affirmed.

O'NIELL, C. J., dissents from the ruling on the second bill and otherwise concurs.

FOURNET, J., absent.