217 So.2d 372

STATE of Louisiana

v.

Tommy JACKSON.

No. 49206.

Dec. 16, 1968.

Stafford & Pitts, James A. Bolen, Jr., Alexandria, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Edwin O. Ware, III, Dist. Atty., Jules L. Davidson, Jr., Asst. Dist. Atty., for appellee.

HAMITER, Justice.

Tommy Jackson, the defendant herein, was charged and tried jointly with one Richard Presley for the commission of simple burglary of a building owned by French Unique Cleaners and Laundry, Inc., located in Alexandria, Louisiana. Both were found guilty.

Jackson (hereinafter sometimes referred to as the defendant) was sentenced to serve six years in the Louisiana State Penitentiary. He is appealing from his conviction and sentence. Presley took no appeal.

The appellant relies on three bills of exceptions to obtain a reversal. For a better understanding of the bills a brief résumé of

the state's evidence (the defense offered none) is hereafter set forth.

At about 8:30 on the night of December 7, 1967, after the cleaning establishment had been closed and locked for the day, an employee-truck driver returned to the place of business to deliver some clothes he had picked up earlier at Fort Polk. He entered the "call office", or customer area, and then proceeded into an interior room. When he opened the door to the latter he came face to face with the appellant who was standing with one hand raised and holding a knife. He then, with another employee who had accompanied him, ran out of the building and watched from across the street as the defendant left by way of a side window. They, thereupon, went back into the building and summoned the police, as well as the officers of the company which operated the business. A short time later the appellant was apprehended and arrested in a bar, about a block and a half away, he having entered it only a few minutes before the police officers arrived.

When the police and the company officers inspected the building it was found, among other things, that glass window panes had been broken, a Salvation Army coin container had been torn apart and its contents removed, the front door of the safe had been opened, and a number of keys (taken from the desk in the office) were strewn on the floor.

After the police had left, the presence of Presley in a back room of the building was detected by those still in the establishment. The police were again summoned, and Presley was arrested.

■ During the course of the trial the state called Mrs. Barbara Canade, who at the time of the commission of the offense was employed as a clerk in the customer area of the laundry, and asked her if she had seen either of the defendants come into the building on the day before the burglary. To this question defense counsel objected. The objection was overruled and bill of exceptions No. 1 was reserved. Thereafter the state offered as a witness Mrs. Lillian Belgard, an office clerk, and asked if she had seen the defendant Jackson on the day before the burglary. Defense counsel objected to the question. This objection was also overruled, and bill of exceptions No. 2 was taken. The basis of the objections to both questions was that they were immaterial and irrelevant.

In his per curiams to these two bills the trial judge shows that the purpose of the question directed to Mrs. Canade was to prove that both of the accused were, on the day before the burglary, in the company of each other at the building which was later burglarized; and that the question directed to Mrs. Belgard was to show that Jackson was, on the day before the burglary, observed standing on the sidewalk looking

through the window into the office where the witness was counting money and where was located the safe which was partially opened in the course of the alleged crime. The judge observed that the evidence elicited from both witnesses was relevant to show that the accused were familiar with the premises prior to the burglary, and that of Mrs. Canade was also important to support the state's position that the two accused did know each other and committed the burglary while acting in concert with each other.

The rulings, we think, were clearly correct and there is, consequently, no merit in either of such bills.

Bill of exceptions No. 3 was reserved to the court's overruling of the defendant's motion for a new trial which was based on two grounds: (1) there was no evidence to show that Jackson *intended* to commit a theft, and (2) since the trial new evidence had come to light which could then be utilized by Jackson but which was not theretofore available to him.

■■ The first reason is clearly groundless. This court can review only questions of law. We cannot pass on the sufficiency of the evidence. When there is some evidence to sustain the conviction, no matter how little, the question of its adequacy is the concern exclusively of the trial judge or the jury. State v. Davis, 208 La. 954, 23 So.2d 801; State v. Di Vincenti, 225 La.

689, 73 So.2d 806, and State v. Copling, 242 La. 199, 135 So.2d 271

■ In State v. Vittoria, 224 La. 258, 69 So.2d 36 it was argued that a conviction for simple burglary was unlawful because no reasonable evidence was offered to show the accused's intent to commit a theft when he made an unauthorized entry into a building. Therein, we said: "The point is not tenable. The question of appellant's specific intent was one of fact for determination by the jury. It's decision on that issue is not reviewable on appeal." Moreover, we have examined the record in the instant case and find that there was ample evidence (a portion of which is shown in the foregoing recitation of some of the state's evidence) from which the jury could have determined that the defendant's unauthorized entry was with the intent to commit a theft.

■ Nor do we think that there is any merit in the second ground urged in defendant's motion for a new trial. The newly discovered evidence referred to consists of an affidavit of the accused's co-defendant, Presley, which was executed following the conviction and sentence of the latter. In it he recites that Jackson was not the man with him in the establishment of the French Unique Cleaners and Laundry, Inc., on the night he was arrested; that he did not know Jackson

until he was confined with him in the parish jail; and that he would so testify on a new trial, if one is granted to Jackson, now that his own trial is over and he has been convicted.

In the affidavit Presley also avers that the information contained therein was given to Jackson's attorney (the two were represented by different counsel) prior to the trial, but that he had told the attorney that he (being also on trial) elected not to so testify. In view of this fact the evidence was not really newly "discovered"; but it might, as suggested by the trial court, be more properly termed "newly available".

Article 851 of the Code of Criminal Procedure, which sets forth the grounds for which a new trial may be granted, and Article 854, pertinently provide:

"Art. 851. Grounds for new trial

"The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.

"The court, on motion of the defendant, shall grant a new trial whenever:

"* * * * * *

"(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty;

"* * * * * *

"Art. 854. Newly discovered evidence; necessary allegations

"A motion for a new trial based on ground (3) of Article 851 shall contain allegations of fact, sworn to by the defendant or his counsel, showing:

"(1) That notwithstanding the exercise of reasonable diligence by the defendant, the new evidence was not discovered before or during the trial; * * *."

■■■ In State v. Valcour et al., 247 La. 450, 172 So.2d 74 (which, incidentally, also dealt with new evidence in the sense that one of the state's witnesses changed her testimony after the trial) we said that "applications for new trials when based on the ground of newly discovered evidence should be received with extreme caution" and that "It is a legal requirement that a verdict must remain undisturbed unless it is made to appear, in the manner required, that an irregularity has been committed, sufficient to satisfy setting it aside. State v. Jones, supra [112 La. 980, 36 So. 825]. Under LSA–R.S. 15:511, supra [now Articles 851 and 854 of the

Code of Criminal Procedure], and our uniform jurisprudence, the test to be employed by the district judge in considering a motion for a new trial based on newly-discovered evidence is not simply whether another jury might bring in a different verdict—that is always a speculative matter—it is whether the new evidence is 'so material that it ought to produce a different result than the verdict reached * * *.' If the judge finds that the newly-discovered evidence is suspicious or incredible, then he properly exercises his discretion in denying a new trial as such evidence ought not produce a different result in the matter. State v. Bell, 242 La. 585, 137 So.2d 342. A motion for a new trial is properly refused, when based on evidence that could have been produced at the trial by the exercise of due diligence, or on mere negative evidence that would not probably have affected the result, or on the affidavit of the accused, not corroborated by that of alleged newly-discovered witnesses. State v. Pecarino, 128 La. 269, 54 So. 794.

 "Our jurisprudence is replete to the effect that · the granting or refusing of motions for a new trial rests within the sound judicial discretion of trial judges, and great reliance is placed upon · them by appellate courts that they will exercise that discretion well and soundly. State v. Bradley, 166 La. 1010, 118 So. 116; State

v. Wilburn, 196 La. 113, 198 So. 765; State v. Gray, supra [192 La. 1081, 190 So. 224]; State v. Washington, supra [36 La. Ann. 341]."

Following a hearing in the instant case on the motion for a new trial, at which evidence was received, the trial court made the following observations: "* * * I note that the affidavit of Mr. Presley which was given on the second day of February while stating that another man was with him in this burglary, it was not Tommy Jackson. He does not say who the man was—I don't know what reason he may have for that, he may have a reason very good to him but I'm certainly not at all satisfied that he can quit with that and have us accept it—that there was a man with me but it wasn't Tommy Jackson. *A statement of that kind by its mere verbiage I think creates suspicion and doubt.* Again, on the other hand, it would seem to me that if the defendant Jackson had this knowledge of Presley's statement prior to trial that he should have at least called him to the witness stand and see what he would do—he simply had said 'I don't want to testify because it might hurt me', but I think he should have produced him and let him claim his immunity if he wished to do so, but nothing was done at all until after the trial and then after conviction of both parties Pres-

ley comes forward and says 'well, I didn't want to testify about it before but it's all over and I have nothing to lose now and I will say that it wasn't Jackson, somebody else', as far as this Court is concerned it's simply a question of whether or not a motion of this type should be granted as a matter of course when in all cases where one of the accused comes forward and makes a statement as this— I don't believe that that is the law, I think that you have to be convinced of the sincerity and the truthfulness of the statement. I am not convinced of it, and, therefore, the motion for new trial is denied." (Italics ours)

We further take notice that the defendant, under the aforerecited circumstances, did not seek to obtain a severance of his trial from that of Presley. Nor did he call Presley to testify on the hearing of the motion for a new trial (in order that Presley might be cross-examined so that the trial judge would be in a better position to evaluate his credibility) or explain why he did not do so.

Considering all of the circumstances we do not believe that the district judge abused his discretion in refusing a new trial.

For the reasons assigned the conviction and sentence are affirmed.