330 So.2d 281 (1976)
STATE of Louisiana
v.
Ralph G. PORTER.
No. 57107.
Supreme Court of Louisiana.
March 29, 1976.
*282 George C. Ehmig, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The State charged Ralph Porter and William Taylor with armed robbery in violation of LSA-R.S. 14:64. On the morning of trial, William Taylor pleaded guilty as charged and was subsequently sentenced to serve ten years at hard labor. Ralph Porter was tried alone, found guilty as charged, and sentenced to serve twelve years at hard labor.
Ralph Porter appeals his conviction and sentence, relying on one assignment of error.
The background facts are these: On December 23, 1973, at about 2:00 o'clock a. m., two teenage boys, James Harrison and Glen Castin, were walking on the street in Algiers. Two men in a "silver colored" Pinto automobile approached them. The man riding in the passenger seat of the automobile got out and threatened the boys with a sawed-off shotgun, demanding their money, but after learning that they had no money, instructed them to take off their leather coats and give them to him.
The sole issue presented is whether the trial court abused its discretion in refusing to order a new trial. The defense contends that it discovered new evidence requiring that a new trial be granted under Louisiana Code of Criminal Procedure Article 851(3), which provides:
"The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
"The court, on motion of the defendant, shall grant a new trial whenever:
(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty;"
The new evidence upon which the defense bases the motion for a new trial includes testimony by Norman B. Lamothe, Jr., a friend of the defendant for fifteen years, and photographs exhibited to James Harrison, a victim of the armed robbery, which included the photograph of Robert C. Douglas, better known as "Boogalee Red."
Defendant asserts that the evidence adduced at the hearing on the motion for a new trial was important because defendant-Taylor, who pleaded guilty the morning of the trial, testified at Porter's trial that he and Boogalee Red had committed the armed robbery and that Porter was in no way involved in the crime.
Therefore, he contends that because Lamothe's testimony that two men, Boogalee Red and William Taylor, offered to sell two leather coats to him corroborates Porter's testimony at trial, this is new and material evidence that if introduced at the trial would probably have changed the verdict, as defendant was convicted by a nine to three vote. In addition, Lamothe testified that Boogalee Red stated that the coats were "hot."
At the hearing, counsel for defendant and the State stipulated that prior to the hearing a photographic display had been presented to James Harrison. Six photographs *283 were displayed in a manner satisfactory to the defense counsel. Those photographs included a picture of defendant, Ralph Porter, and a photograph of Boogalee Red. Harrison, the victim of the armed robbery, picked out the picture of Ralph Porter as the perpetrator of the crime.
On the basis of the evidence adduced at the hearing, the trial court judge denied defendant's motion for a new trial.
Louisiana Code of Criminal Procedure Article 858 provides:
"Neither the appellate nor supervisory jurisdiction of the supreme court may be invoked to review the granting or the refusal to grant a new trial, except for error of law."
In State v. Jackson, 253 La. 205, 217 So.2d 372 (1968), we stated:
"`Our jurisprudence is replete to the effect that the granting or refusing of motions for a new trial rests within the sound judicial discretion of trial judges, and great reliance is placed upon them by appellate courts that they will exercise that discretion well and soundly. State v. Bradley, 166 La. 1010, 118 So. 116; State v. Willburn, 196 La. 113, 198 So. 765; State v. Gray, supra [192 La. 1081, 190 So. 224]; State v. Washington, supra [36 La.Ann. 341]'."
The testimony adduced at trial strongly supports the trial court's denial of defendant's motion for a new trial. Both robbery victims positively identified Ralph Porter and William Taylor as the armed robbers on numerous occasions. When asked to identify the armed robbers from mug shots which did not include the photographs of Taylor and Porter, neither victim was able to make an identification. When separately shown photographs including those of Taylor and Porter, both witnesses positively identified Taylor and Porter as the culprits. At a lineup including Taylor and Porter, both witnesses again separately identified them. In court, both witnesses again identified Porter as the man who had robbed them. All of the identification procedures employed were standard police procedures, to which the defense counsel made no objection.
At the hearing on the motion for a new trial, defense counsel and the `State entered into a stipulation to the effect that prior to the hearing, James Harrison, one of the victims, had again identified Porter as the robber from a group of photographs which included that of Boogalee Red, who Taylor testified was the person participating in the armed robbery.
Perhaps the most persuasive testimony came from the two victims who stated that although they did not know Porter personally, they had each seen him before this incident. In light of this evidence, it appears that the identification of Porter as the robber by the two eye-witness victims was entitled to added weight.
The victims' identification of the robbers is in no way weakened by the fact that the robbery occurred during the early morning hours. The robbery occurred at the intersection of Verret and Diane Streets in Algiers, an area illuminated by a nearby street light. Porter stepped out of the car and stood three feet from the victims for about fifteen minutes.
In view of all the circumstances, we hold that the trial judge did not abuse his discretion in denying the motion for a new trial. LSA-C.Cr.P. Arts. 851, 858; State v. Gibson, La., 323 So.2d 446 (1975); State v. Miller, 254 La. 73, 222 So.2d 862, cert. denied, 396 U.S. 1021, 90 S.Ct. 592, 24 L.Ed.2d 513 (1969).[1]
For the reasons assigned, the conviction and sentence are affirmed.
NOTES
[1] Because we find that the trial court's denial of the motion for a new trial was not error, it is unnecessary to determine whether the procedural requirements for filing such a motion and appealing its denial have been met.