344 So.2d 1036 (1977)
STATE of Louisiana
v.
Wallace JONES.
No. 58862.
Supreme Court of Louisiana.
April 11, 1977.
*1037 Ronald L. Myers, Houma, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Norval J. Rhodes, Dist. Atty., Alexander L. Doyle, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Wallace Jones was charged by bill of information with the crime of simple burglary in violation of La.R.S. 14:62. After trial by jury, defendant was found guilty as charged. After a hearing on an information filed by the district attorney accusing defendant of being an habitual offender, the trial judge found defendant to be an habitual offender and sentenced him to serve eight years at hard labor. On appeal, defendant relies on one assignment of error for reversal of his conviction and sentence. The assigned error relates to the trial judge's denial of his motion for a new trial.
At the hearing on defendant's motion for a new trial, his cousin, Clarence Butler, claimed that on the night in question, he borrowed defendant's car and went for a ride with another man known to him only by nickname "Redbone," He testified that, after abandoning defendant's car near South Terrebonne High School, he and "Redbone" had broken into the structure. Butler further testified that defendant was not involved in the burglary. Earnest Vicknair, a jailer for the sheriff's office, also testified at the hearing and reported that he overheard Butler relate this version of the incident to defendant during a visit to the jail. Finally, a friend of defendant, Melvin Navarre, claimed that defendant had asked him to help move the car abandoned by Butler on the night of the offense.
La. Code Crim.P. art. 851(3) dictates that the court on motion of defendant shall grant a new trial whenever:
(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty;
This court has consistently held that a motion for a new trial is properly rejected where the new evidence is of a nature that it should have been discovered before or during trial. State v. Brown, 338 So.2d 686 (La.1976); State v. Rossi, 273 So.2d 265 (La.1973). With respect to the newly offered testimony of Melvin Navarre, defendant's motion does not meet this test. Defendant was obviously in a position to know that he had asked Navarre for help with *1038 the abandoned car. Navarre testified at the new trial hearing that he was available to testify at the trial on the merits but had not been subpoenaed.
Alleged newly discovered evidence must also be such that it would probably have changed the verdict of guilty. The test to be employed is not simply whether another jury might bring in a different verdict, but whether the new evidence is so material that it ought to produce a different result than the verdict reached. State v. Brown, supra; State v. Jackson, 253 La. 205, 217 So.2d 372 (1968). Neither the appellate nor supervisory jurisdiction of this court may be invoked to review the granting or the refusal to grant a new trial, except for error of law. La.Code Crim.P. art. 858 (1966). State v. Credeur, 328 So.2d 59 (La.1976); State v. Porter, 330 So.2d 281 (La.1976). It is well established in our jurisprudence that the decision on a motion for a new trial rests within the sound discretion of the trial judge who is accorded considerable latitude in evaluating the reliability of testimony and its potential impact on the verdict. His ruling will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. State v. Robinson, 337 So.2d 1168 (La.1976); State v. Russell, 334 So.2d 398 (La.1976).
In the instant case, the testimony of Clarence Butler at the new trial hearing was contrary to his previous testimony at trial on the merits. At trial, this witness maintained that he knew nothing about the area where the crime was committed and that he had been alone on the night of the offense. Moreover, the individual identified only as "Redbone" could not be located, although the state attempted to do so during a recess granted by the trial judge at the state's request.
At trial, Officer Douglas Chauvin testified that, while on patrol on the night in question, he observed two black males inside a glass double door entrance to South Terrebonne High School. The two men were located in a well-lighted hallway. As the officer approached, one of the subjects who was dressed in a green shirt turned and looked at him. Officer Chauvin positively identified this subject at trial as defendant, Wallace Jones. He also identified the green shirt recovered from defendant at the time of his arrest (four hours later) as the same shirt he was wearing when observed inside the high school. He further testified that, when defendant was interrogated concerning why his car was found in the area, he claimed that it had broken down there and he had pushed it off the road. Personal effects in defendant's possession when apprehended were wet, consistent with the marshy conditions prevalent around the burglarized structure through which the suspects made good their escape from the police. The trial judge noted in his per curiam to this assignment of error that Clarence Butler's testimony at the new trial hearing was "unbelievable" and not worthy of being "trusted." Moreover, he observed that evidence that Butler was one of the two men who burglarized the high school would not preclude defendant's guilt as the other perpetrator of the offense, particularly in view of Officer Chauvin's eyewitness identification of defendant.
It was clearly within the discretion of the trial judge to evaluate the reliability of the newly-offered exculpatory testimony and its impact on the verdict. In view of the evidence offered against defendant at trial and Butler's own prior inconsistent statements, we are satisfied that the trial judge did not abuse his discretion in determining that the alleged newly-discovered evidence in this case did not meet the requisite standard of probability of changing the verdict. Accordingly, we find no error in the ruling of the trial judge denying defendant's motion for a new trial.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.