378 So.2d 923 (1979)
STATE of Louisiana
v.
Adrian D. REED.
No. 64571.
Supreme Court of Louisiana.
December 13, 1979.
Rehearing Denied January 28, 1980.
Order Filed February 11, 1980.
*924 Dennis C. Weber, McPherson, Weber, Zainey & Booth, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Ralph L. Roy, Kay Kirkpatrick, Asst. Dist. Attys., for plaintiff-appellee.
MARCUS, Justice.[*]
Adrian D. Reed was charged by bill of information with simple burglary in violation of La.R.S. 14:62. After trial by jury, defendant was found guilty and sentenced to serve three years in the parish jail. On appeal, defendant relies on four assignments of error for reversal of his conviction and sentence.[1]
*925 ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial judge erred in denying his motion for discovery and motion for a continuance on the ground that the denial of these motions deprived him of exculpatory material to which he was entitled.
At the arraignment on September 22, 1978, defendant entered a plea of not guilty; trial was fixed for October 18, 1978. Seven days prior to trial, defendant filed a motion for discovery and inspection, in which he requested, inter alia, access to material favorable to him on the issue of guilt or innocence. The motion was denied as not timely filed since it was filed later than ten days prior to trial, the deadline fixed by the court for filing such motions.
The court has the authority to fix a reasonable time in which a motion for discovery may be filed. La.Code Crim.P. art. 729. We consider that the deadline for filing in this case, ten days prior to trial, was reasonable. Moreover, defendant made no showing of good cause why additional time should have been allowed to file his pretrial motion for discovery. La.Code Crim.P. art. 521. Hence, the trial judge did not abuse his discretion in not considering defendant's untimely filed motion for discovery.
On the day of trial, defendant filed a motion for a continuance based on the contention that he needed additional time to discover "information favorable to defendant which would be admissible to impeach a state witness," which information was in possession of the state. The motion was denied by the trial judge.
The granting or refusal of a motion for a continuance rests within the sound discretion of the trial judge and his ruling will not be disturbed on appeal absent a clear showing of abuse of discretion. La.Code Crim.P. art. 712; State v. Lee, 364 So.2d 1024 (La.1978); State v. Adams, 347 So.2d 195 (La.1977). On the showing made, we cannot say the trial judge abused his discretion in denying defendant's motion for a continuance.
In any event, the prosecutor is obliged to make available to defendant evidence that he has obtained which is clearly supportive of defendant's innocence, even in the absence of a request for it. United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); State v. Falkins, 356 So.2d 415 (La.1978). As will be indicated hereafter, the evidence allegedly omitted was disclosed to defendant during trial.
Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant contends the trial judge erred in denying his motion for a new trial grounded on the claim that he had discovered, after trial, notwithstanding the exercise of reasonable diligence, new and material evidence consisting of an official business record of the St. Landry Parish Sheriff's Department which contradicted the trial testimony of Danny Singleton, a state witness. He argues that, if this evidence had been available to him at trial, it would probably have changed the verdict. He also argues that it was evidence favorable to the defense which the state had in its possession at the commencement of trial and was obliged to disclose.
At trial, Danny Singleton testified that, while incarcerated in the St. Landry Parish jail, he was signed out of jail by defendant, a deputy sheriff of Jefferson Davis Parish, on only one occasion, November 11, 1977, for the express purpose of perpetrating a burglary. Defendant likewise testified that he had checked Singleton out of jail on only one occasion, November 11, 1977. The burglary with which defendant was charged occurred on November 12, 1977.
At the hearing on the motion for a new trial, defense counsel asserted that he had discovered after trial that the aforesaid business record of the St. Landry Parish Sheriff's Department, a sign-out card with defendant's signature, was dated November 17, 1977, rather than November 11, 1977. He further claimed that the document had been in the state's possession prior to trial but had not been disclosed to the defense.
*926 The state admitted that it received a copy of the sign-out sheet on the morning of trial.
La.Code Crim.P. art. 851(3) provides that the court, on motion of the defendant, should grant a new trial whenever:
New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty.
This court has consistently held that a motion for a new trial is properly rejected when the new evidence is of a nature that it should have been discovered before or during trial. Allegedly newly-discovered evidence must also be such that it would probably have changed the verdict of guilty. The test to be employed is not simply whether another jury might bring in a different verdict, but whether the new evidence is so material that it ought to produce a different result than the verdict reached. State v. Jones, 344 So.2d 1036 (La.1977); State v. Brown, 338 So.2d 686 (La.1976). Additionally, it is well settled that the decision on a motion for a new trial rests within the sound discretion of the trial judge who is accorded considerable latitude in evaluating the reliability of evidence and its potential impact on the verdict. His ruling will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. State v. Jones, supra. Finally, while the prosecutor is obliged to make clearly favorable evidence available to defendant, a new trial need not be granted unless the omitted evidence creates a reasonable doubt about guilt that did not otherwise exist after evaluating the omission in the context of the entire record. United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).
We find no merit to defendant's contention that the document in question was not discovered until after trial. Nor do we find substance in his related claim that the document was withheld by the state. At the outset, it should be noted that, since the sign-out sheet was the product of defendant's own act, it constituted a fact within defendant's knowledge. Moreover, the sign-out sheet was a matter of public record and could have been obtained by defendant prior to trial. In any event, the record reflects that the document was disclosed to defendant during trial.
On cross-examination, defendant testified that he had signed Singleton out of jail on only one occasion, November 11, 1977. At that point, the state presented defendant with a copy of the sign-out sheet. The jury was removed from the courtroom. Defense counsel indicated that he did not "know what this [document] is all about" as there was a date "11-17-77, someone wrote the words, Deputy Reed, Jeff Davis Parish." The prosecutor stated that the document "is suppose to be a copy of the official sign out sheet in St. Landry Parish." When asked whose writing was on the document, defendant replied: "That's mine." Defense counsel then requested that he explain its relevancy, to which defendant answered: "This indicates 11-17 of '77, Deputy Reed." The court stated: "11 what?" Defendant replied: "11-17 of '77." Thereafter, the court ruled that the prosecution "has got a perfect right to ask him was he down there on the 17th. Did he sign him out. Show him an official copy of that thing and ask him about it, and give him a chance to explain it." Defendant then stated: "That's the way I signed the man out, yes, sir." When the jury was returned to the courtroom, defendant identified his signature on the document but answered in the negative when asked if he had any idea how his signature came to be there. On re-direct, defense counsel did not question defendant concerning the sign-out sheet except to inquire whether he knew Otis E. Lomenick, whose name also appeared on the sign-out sheet, and to ask defendant the number of times he had checked Singleton out of jail.
While the document was never admitted in evidence, it is clear that it was disclosed to defendant during trial and was not withheld by the state. Moreover, it is obvious that defendant was aware of the "November *927 17, 1977" date opposite his signature on the sign-out sheet even though he might not have recognized its significance. On the other hand, he might have recognized its significance but decided to disregard it as a matter of trial tactic. However, even assuming otherwise, defendant would not be entitled to a new trial. The only purpose of the document was to impeach the credibility of Singleton's testimony which was effectively accomplished by other evidence. Singleton admitted to several prior convictions; to having sent letters to the district attorney informing him that he had lied during his testimony in a previous trial and before the grand jury; and when asked on cross-examination "How do we know right now that you have told us the truth?" Singleton replied: "There's no way to know whether I'm telling the truth." There was also evidence in the record that Singleton had been permitted to leave the jail on weekends prior to being checked out by defendant. Finally, the coins identified as part of the coin collection stolen in the November 12, 1977 burglary were recovered from defendant's brief case and from a drain in the curb of the street in front of his residence. Also, two police officers testified that they followed defendant as he left the police station after defendant learned of an investigation involving himself and Singleton; the officers stated that defendant proceeded to his residence, where he stopped his car in the street, opened the car door for a short time (estimated in seconds), closed the door and drove away. A detective testified that he found the stolen coins in the drain in front of defendant's residence on the same night that defendant was observed there by the other officers. Accordingly, we are unable to say that the sign-out sheet (the allegedly omitted favorable evidence) would probably have changed the verdict of guilty or would have created a reasonable doubt about guilt that did not otherwise exist evaluated in the context of the entire record.
In sum, we conclude that the trial judge did not abuse his discretion in denying defendant's motion for a new trial.
Assignment of Error No. 3 is without merit.

ASSIGNMENT OF ERROR NO. 4
Defendant contends the trial judge erred in denying his motion for a new trial on the ground that he was convicted by less than a unanimous vote of a jury of six persons.
On April 17, 1979, the United States Supreme Court, in Burch v. Louisiana, 441 U.S. 130, 99 S.Ct. 1623, 60 L.Ed.2d 96 (1979), held that conviction by a non-unanimous six-member jury in a state criminal trial for a non-petty offense deprived an accused of his constitutional right to a trial by jury. Subsequently, in State v. Brown, 371 So.2d 746 (La.1979), we held that the rule of Burch should not be applied retroactively to juries impaneled prior to the date of the Burch decision.
In the instant case, the jury was impaneled and the trial held on October 18-20, 1978, almost six months prior to the date of the Burch decision. Hence, the trial judge did not err in denying defendant's motion for a new trial.
Assignment of Error No. 4 is without merit.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
CALOGERO, J., concurs.

ORDER
Considering the Motion of the Appellant, Adrian D. Reed, to Recall and Stay the Mandate issued in this case pending his timely application for a writ of certiorari or the filing of a jurisdictional statement on appeal,
IT IS ORDERED that execution of the sentence in this case is stayed until April 27, 1980 to permit the defendant to file an application with the United States Supreme Court to review this Court's judgment.
NOTES
[*] Honorable Jesse N. Stone, Jr. served as Justice Ad Hoc in the vacancy created by the resignation of Tate, J.
[1] Defendant expressly abandoned Assignment of Error No. 2 in his brief to this court.