SANDERS, Justice.
Defendant Cancler was convicted of simple burglary, as defined by LSA-R.S. 14:62. The trial judge sentenced him to a term of eighteen years in the Louisiana State Penitentiary for a third felony under the provisions of LSA-R.S. 15:529.1, the Habitual Offender Law. Having perfected three bills of exceptions, the defendant has appealed. In this Court, he submitted two of the bills of exceptions without briefing or argument. We have examined these bills and find no merit in them.
Under Bill of Exceptions No. 3, the defendant makes the following assignment of error:
. “Appellant contends that the trial Court erred in denying his motion for a new trial and particularly avers that failure to accept the testimony of the witness, Donnell Carroll, as newly discovered evidence under the provisions of Articles 851 and 854 of the Code of Criminal Procedure constituted gross abuse of discretion.”
In a supplemental motion for a new trial, the defendant alleged the discovery of new evidence, consisting of the admission of one Donnell Carroll, a prisoner in the parish jail, that he committed the burglary for which the defendant had been convicted. Attached to the motion was Carroll’s affidavit tending to show that he committed the crime.
*383 The trial judge held a hearing on the motion for a new trial, at which he received testimony including that of Donnell Carroll. Following the hearing, the trial judge denied the motion, and the defendant reserved Bill of Exceptions No. 3.
LSA-C.Cr.P. Article 851 provides:
“The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
“The court, on motion of the defendant, shall grant a new trial whenever:
í}í íjí jfi
“(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty
To satisfy the requirements for a new trial under this codal provision, not only must the evidence be material but it also must be such as would probably have changed the verdict of guilty if it had been introduced at the trial. If newly discovered testimony is incredible, the trial judge’s denial of a new trial will not be disturbed on appeal. See State v. Bell, 242 La. 585, 137 So.2d 342; State v. Saba, 203 La. 881, 14 So.2d 751; and State v. Gardner, 157 La. 116, 102 So. 89.
After reviewing the evidence in a well-written Per Curiam, the trial judge said:
“Donnell Carroll is a fellow inmate of the defendant, incarcerated in the Orleans Parish Prison and was awaiting trial at the time of his testimony. He also has a record of a previous conviction. He admits lying to New Orleans police officers at the time of his arrest in a collateral matter.
# * * * * *
“Not only does the Court find that Donnell Carroll’s testimony is unworthy of belief, the Court also finds that it in no way explains the convincing evidence presented by the State. Even without the contradictions which appear in Donnell Carroll’s testimony, and other impeaching factors, his testimony if believed would give no explanation of certain uncontradicted facts of the case. Such an uncontradicted fact is the testimony of Dr. Kloor that the people whom he saw fleeing from the scene of the burglary with the apparent stolen property in their possession consisted of one colored male and one colored female as opposed to Donnell Carroll’s testimony that two colored males perpetrated the burglary. Further, the testimony of Donnell Carroll in no manner explains *385 the presence and use of the automobile which has been shown by official registration to belong to the defendant, John Cancler. And finally, if there were doubt as to the identification of John Cancler by Dr. Kloor whom he had previously described with extreme accuracy, then that doubt was resolved when Dr. Kloor appeared at the hearing on the Motions For New Trial and observed both the witness Donnell Carroll and the defendant John Cancler who have dissimilar physical appearances and then under oath reaffirmed his identification of John Cancler as the person whom he saw drive to the scene of the burglary, park an automobile, alight therefrom with a colored female companion, enter the rear gate of the burglarized premises, return towards the car, and after furtive actions place what appeared to be the stolen property in the automobile and drive away. The Court was then confronted not only with the incredibility and disbelief of the testimony of the newly discovered witness but also with the fact it has failed to satisfactorily explain the adequate proof of the guilt of the accused.”
Under the circumstances, the trial judge correctly denied the motion for a new trial. Hence, the Bill of Exceptions is without merit.
For the reasons assigned, the conviction and sentence are affirmed.