222 So.2d 862

**STATE of Louisiana**

**v.**

**Robert James MILLER and
Peter Wiljo Jarvi.**

**No. 49513.**

May 5, 1969.

Rehearing Denied June 9, 1969.

Burton G. Klein, New Orleans, for defendants-appellants.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for appellee.

McCALEB, Justice.

Miller and Jarvi, having been convicted of the armed robbery of Lois Hill, a cashier at Morrison Cafeteria in New Orleans, and sentenced to serve 15 years each at hard labor in the State Penitentiary, seek reversal of their convictions and sentences on two grounds which are set forth in three bills of exceptions reserved to the overruling of two motions for a new trial and a motion in arrest of judgment.

Prior to sentence, appellants filed a motion for a new trial based, inter alia, on a claim of newly discovered evidence in that one Preston Pebworth, who had been convicted of another armed robbery and sentenced to thirty years' imprisonment (see State v. Pebworth, 251 La. 1063, 208 So.2d 530), had confessed to the crime.

After hearing evidence on the motion, including Pebworth's testimony, the judge denied a new trial as he was convinced " * * * that Pebworth was completely unreliable and that he was perjuring himself on the witness stand."

Defense counsel argues that the judge was not justified in disbelieving Pebworth, because his testimony cannot be regarded as incredible in view of the vague and uncertain identifications of appellants given by the victims of the robbery (employees of Morrison Cafeteria).

We find no merit whatever in this contention. Under Article 851 of the Code of Criminal Procedure, a motion for a new trial based on newly discovered evidence should be granted only whenever the evidence now available was not discovered before or during the trial, and is of such import that if it " * * * had been introduced at the trial it would probably have changed the verdict or judgment of guilty." Since the judge found as a fact that the alleged newly discovered evidence is incredible, his denial of a new trial will not be disturbed on appeal. See State v. Cancler, 252 La. 380, 211 So.2d 298, and authorities there cited.

There are other factual issues raised in the two motions for a new trial and the motion in arrest of judgment.[1] As these issues pertain to the alleged uncertainty of appellants' identification as the robbers

---

1. The motion to arrest, which formerly was directed against substantial defects patent on the face of the record under Article 517 of the 1928 Code of Criminal Procedure, likewise presents nothing for review as the motion does not set forth any of the grounds enumerated in Article 859 of our present Code of Criminal Procedure for arresting the judgment.

they present nothing for review in this Court.

In their motion appellants allege for the first time that, since they were not accompanied by counsel at the time they were identified as the armed robbers in the police lineup by Mrs. Hill and Mrs. Abshire (who were working at the cash register on the night of the robbery at Morrison Cafeteria), their constitutional rights to have assistance of counsel were violated under United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and, therefore, they are entitled to a new trial.

■ This contention is without substance for a number of reasons. Initially, the failure of defense counsel to object to the in-court identifications of appellants by Mrs. Hill and Mrs. Abshire operated as a waiver of any objection to such identifications based on the Wade case and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). This issue cannot be raised for the first time after trial under our law[2] and, a fortiori, there is no way for the court to determine, without cross-examination of the identifying witnesses and timely objection to the in-court identification, whether such identification is based solely on the witnesses' observations of appellants, at the time the offense was

committed, independent of and disassociated with an alleged tainted pretrial confrontation.

■ Furthermore, the Wade and Gilbert cases are inapplicable here, in any event, inasmuch as those matters were not decided until June of 1967 and the police show up complained of took place in January of 1967. It was settled in Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), that the principles, on which the rules of criminal procedure erected in the Wade and Gilbert cases are based, do not apply retroactively.

For the reasons assigned, the convictions and sentences are affirmed.

222 So.2d 864

**STATE of Louisiana**

**v.**

**Wally Lee SMITH.**

**No. 49543.**

May 5, 1969.

2. Article 841 of the Code of Criminal Procedure provides that any irregularity or error in the proceedings "cannot be availed of after verdict unless it is objected to at the time of its occurrence and a bill of exceptions is reserved to the adverse ruling of the court on such objection."