**John W. CANCLER, Petitioner-Appellant,**

v.

**C. Murray HENDERSON, Warden, Respondent-Appellee.**

No. 71–3515

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 11, 1972.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

Upon examination of the record and briefs in this appeal, we vacate the judg-

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I.

* ■ Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

**1262**

John W. Cancler, pro se.

Jack P. F. Gremillion, Atty. Gen., Baton Rouge, La., Maurice R. Franks, Asst. Dist. Atty., New Orleans, La., for respondent-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of federal habeas corpus to a state prisoner. We affirm in part but vacate and remand for further proceedings as to two of the grounds raised in the petition below.

Cancler was convicted by a jury of burglary, and as a third-felonious offender was sentenced to imprisonment for eighteen years. The Supreme Court of Louisiana affirmed, State v. Cancler, 252 La. 380, 211 So.2d 298 (1968).

In the federal habeas corpus proceedings, the appellant contended that (1) he was denied trial counsel of his own choice; (2) he was denied a fair and impartial jury because one prospective juror, later excused, stated before the other veniremen that he would believe anything to which a certain state witness might testify; (3) he was denied the right to be present during the imposition of sentence; and (4) the trial court abused its discretion in the denial of his motion for a new trial on the basis of newly discovered evidence. The latter ground was fully explored and decided by the Louisiana Supreme Court in its reported decision, *supra*. Upon a careful examination of the record before this Court we affirm the decision of the District Court as to the four grounds above enumerated.

This leaves for consideration the contention that appellant was the victim of ineffective representation of counsel and that in this prosecution under Louisiana's habitual offender statutes evidence concerning a prior burglary was improperly admitted.

Appellant's contentions with respect to these items were decided below without consulting the state trial transcript, which could have been obtained under the provisions of 28 U.S.C., § 2254(e). We, therefore, vacate the judgment of the District Court as to claimed ineffective assistance of counsel and improper admission of prior offenses in order that the District Court may consider the state trial transcript, along with the evidence already heard, and make appropriate findings, with judgment accordingly.

Affirmed in part, and in part vacated and remanded.