CALOGERO, Justice.
Appellants, Gilbert Sanchez and Tina Russelle, were tried jointly with a co-defendant, Leonard Jerome Bastida, on a charge of armed robbery. LSA-R.S. 14:64. All three were found guilty as charged. Gilbert Sanchez was sentenced to serve 25 years at hard labor. Tina Rus-selle was sentenced to serve 15 years at hard labor. From their convictions and sentences defendants Sanchez and Russelle here appealed, relying upon eight bills of exceptions to obtain reversals.
Leonard Jerome Bastida, co-defendant of the present appellants, had also appealed to this Court. See State v. Bastida, 271 So.2d 854 (La. 1973).[1] Several of the identical bills of exceptions urged by the appellants herein were considered and rejected by this Court in State v. Bastida, supra. *920 We have, however, reconsidered all of these bills on this appeal.
Bills of Exceptions Nos. 2, 5 and 6
Bill of Exceptions No. 2 was reserved when the trial court refused the defendants’ motion to suppress evidence. Bill of Exceptions No. 5 was reserved during the state’s examination of Detective Terrance Strada as to the evidence seized under the search warrant. Bill of Exceptions No. 6 was reserved when the physical evidence sought to be suppressed was admitted into evidence at the defendants’ trial on the merits. The evidence, consisting of a homemade leather holster for an automatic pistol and twelve .32 calibre bullets had been seized from the residence of Leonard Bastida pursuant to a search warrant. The basis for these bills as set out in appellant’s brief before this Court is: (1) that the affidavit supporting the search warrant failed to establish probable cause for the search of Bastida’s residence, and (2) that the premises to be searched are not adequately described in the affidavit.[2]
These issues were fully discussed in State v. Bastida, supra, and no purpose would be served by restating that opinion in full here.
In his dissenting opinion to State v. Bastida, Mr. Justice Barham raises the issue that the scope of the search warrant is broader than that of the supporting affidavit. A few comments and clarification of that issue are called for here.
The search warrant was issued upon the affidavit of Det. Terrance Strada. The affidavit states that Det. Strada received a phone call from a confidential informant who had given him reliable information in the past. The informant advised Det. Strada that Leonard Bastida and another subject had just told him about an armed robbery they committed in which they cut the victim badly and thought that he might have died. The informant noted that both of the subjects were carrying automatic pistols, at the time of the conversation. The informant also stated to Det. Strada that Leonard Bastida was a narcotics addict and that he had heroin in his possession at the time of the conversation and was going to Bastida’s residence to “shoot up”.
These allegations were sufficient to establish probable cause for the issuance of a warrant to search for automatic pistols and narcotics. However, the warrant also lists as items to be seized, rifles, barbiturates, amphetamines, marijuana, and stolen credit cards. Nothing in the affidavit established probable cause to search for these items.
If any of these other items had been seized and offered into evidence they would, or at least should, have been suppressed by the trial court upon proper motion as being beyond the scope of the affidavit in support of the search warrant. However, the only items offered into evidence were a holster and ammunition for an automatic pistol which clearly were within the scope of the affidavit and as to which items the search warrant was clearly supported by probable cause.
The fact that the search warrant also described items not within the scope of the supporting affidavit does not render the warrant wholly invalid. The warrant was invalid only insofar as it authorized the seizure of evidence beyond the scope of the supporting affidavit. Since no evidence beyond the scope of the supporting affidavit was introduced at defendant’s trial, the existence of surplusage in the warrant caused the defendant no prejudice.
For this reason and the reasons assigned in State v. Bastida, supra, these bills are without merit.

*921
Bill of Exceptions No. 8

Bill of Exceptions No. 8 was reserved when the trial judge rejected appellant’s Motion for a New Trial. The motion alleged that the verdict was contrary to the law and the evidence in that the state failed to prove “that it was possible at the time of the commission of the alleged crime for the victim to be able to make an identification of his assailants.”
This rather vague allegation was answered by the trial judge in his per curiam to Bill of Exceptions No. 8 as follows:
“The question of identification was a question of fact for the jury to determine on the trial of the case; and in this Court’s opinion the identification of the defendants was a good identification.
“For the above reasons, this Court overruled the Motion for a New Trial.”
Defense counsel’s brief does not elaborate on the meaning of the allegation contained in the Motion for a New Trial. At the hearing on the Motion, no evidence was introduced to support this allegation. We therefore find that the trial court acted within its discretion in denying the Motion for a New Trial. This bill is without merit.
Bills of Exceptions Nos. 1, 5, 4 and 7
These bills were submitted to the Court without argument or citation of authority. They may therefore be considered abandoned. State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).[3] We have nevertheless reviewed them and find them to be without merit.
For the reasons assigned, appellants’ convictions and sentences are affirmed.
BARHAM, J., dissents with reasons.

. Normally the three appeals arising out of a single trial should have been argued together. Through inadvertence, when Bastida’s counsel and the state filed briefs identified only with Bastida’s appeal, that appeal was argued and disposed of earlier than these appeals by Sanchez and Russelle.

. Identical arguments concerning this same search warrant were considered and rejected by this Court in State v. Bastida, supra.
The affidavit in support of the search warrant at issue is set out verbatim in a footnote to that opinion.

. Under the hearing “Argument on Bill of Exception #1” the defendant’s brief contains only the statement: “Bill of Exceptions No. 1 is submitted wihout argument.” In State v. Mills, 229 La. 758, 86 So.2d 895 (1956), we said: “Mills’ bills Nos. 2, 3, 5, 8 and 12 were submitted to this Court without oral argument or discussion in brief, and without citation of authorities. Under this state of facts, we would be justified in considering these bills abandoned, and probably will do so under similar circumstances in the future * * * ” See State v. Dallao, 187 La. 392, 175 So. 4 (1937) ; State v. Dabbs, 228 La. 960, 84 So.2d 601 (1955), in which the court said: “ * * * Counsel for the defendant does not discuss this bill of exceptions in his brief, and there was no oral argument of its merits. We must necessarily conclude that he has abandoned the bill of exceptions. * * *” 261 La. at 1018, 261 So.2d at 650.