BARHAM, Justice
(dissenting).
The majority has held the search warrant valid, and the introduction of a homemade leather holster for a pistol and twelve 32-caliber bullets seized under that warrant has been approved. This is the same warrant which the majority approved in State v. Bastida, 271 So.2d 854 (La. 1973), in which I dissented. The affidavit for this warrant details that a reliable informant related to the officers that Leonard Bastida and Terry Morgan had told him of an armed robbery they had committed. The victim had told the officers that the ones who robbed him were carrying pistols. The informant told the officers that Bastida and Morgan were carrying pistols when he talked with them, and further stated, according to the officers, that they were in possession of heroin at the time.
A photograph of Bastida was shown to the victim and he identified Bastida as one of his assailants. A photograph of Morgan was shown to the victim and he, according to the officers’ affidavit, stated that he thought Morgan was one of the subjects but he was not sure. Based upon this information in the affidavit, a warrant was issued for the search of Bastida’s premises at “621 Alvar St. in the rear”. The warrant authorized the officers to search for “automatic pistols, rifles, heroin, barbiturates, amphetamines, marijuana, and narcotics administering paraphernalia, knives and stolen credit cards”.
*922 First, we note that Gilbert Sanchez is the only other male charged with Bastida for the crime of armed robbery. The “reliable” informant apparently was not reliable when he tied Terry Morgan to this offense. However, that is immaterial to the issue before us. The precise question presented is whether a search warrant as broad and general as the one we consider can be valid for the purpose of seizing two items not named in that search warrant, which were admitted as evidence in the trial of this case. Every item named in the search warrant is foreign to the probable cause stated in the affidavit except “automatic pistols” and “heroin”. The detectives did not seize and return automatic pistols. They seized and returned the holster for a pistol and some 32-caliber bullets.
The majority admits that the affidavit fails to establish any probable cause for a search for rifles, barbiturates, amphetamines, marijuana and stolen credit cards, which are named in the warrant. The majority admits that the warrant is general and over-broad. They justify their holding that the denial of the motion to suppress was valid, on the basis that the items seized were within the scope of the probable cause affidavit and the warrant. This is not true. The items seized are not named in the affidavit. They could only be admissible as evidence in this case if they were discovered during a search properly conducted by the officers under a totally legal search warrant. That is, if these items tended to prove the commission of any offense,* they could be legally seized if found during the course of a search for items named in a totally legal warrant, and in an area where such named items might logically be situated.
The issue of whether or not objects not named in a search warrant are seizable under the warrant resolves itself into one question, was the warrant itself constitutionally valid? This one was not. It exceeded the affidavit. It ordered the search for items for which there was no probable cause. Under this invalid search warrant the officers, in the course of their search, seized material offered as evidence which was totally outside the scope of the warrant.
The majority errs in suggesting that although the warrant is general and broad (actually the greatest number of items named therein are not supported by probable cause), the officers could use the warrant to gather other evidence of criminal activity, since probable cause existed to search for a pistol. When we are required to determine whether other evidence seized, not contained in the search warrant, is admissible in evidence, we must determine only if the search warrant was valid. The majority has admitted that it was constitutionally invalid for the most part. They sever a tiny portion of the search warrant, find that a warrant ordering the search for two of nine items is valid (excluding the other seven items named in the warrant), and conclude that all evidence seized in the course of the search is constitutionally admissible in evidence.
I re-emphasize what may be a vital distinction in this case. The items admitted in evidence were not named in the search warrant. The majority would have a better case if the police had discovered in the search the pistol named in the warrant, and it were offered in evidence in this case. We need not and I do not address myself to the proposition that a search warrant is divisible into constitutional and unconstitutional parts, even in the latter instance. Under the facts presented and under the admissions by the majority, I am constrained to assert my belief that the search warrant was unconstitutional, and that the evidence seized in that search should be suppressed.
I respectfully dissent.

 See Code of Crim.Proc. Art. 165.