292 So.2d 580 (1974)
STATE of Louisiana
v.
Melvin BARFIELD.
No. 54097.
Supreme Court of Louisiana.
March 25, 1974.
Rehearing Denied April 26, 1974.
*581 Wellborn Jack, Jr., Jack & Jack, Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John A. Richardson, Dist. Atty., Albert S. Lutz, Jr., Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Defendant was tried under an indictment charging him with manslaughter. R.S. 14:31. Defendant was convicted after a trial by jury, and sentenced to serve ten and one-half years at hard labor. Defendant appeals, relying on three perfected bills of exceptions.
On the evening of November 11, 1972 the defendant and one Bill Bolden, Jr. were at the Paradise Inn in Shreveport, Louisiana. The defendant and Bolden were sitting at a table together when Bolden asked for a dollar. Barfield, the defendant, refused and Bolden attacked him with his fists. The men engaged in fisticuffs for a short period with Bolden apparently getting the better of it until they were separated. Barfield then sat in a chair. Bolden brushed himself off, and turned and walked to the door of the establishment. As he reached the door, Barfield drew a gun and shot twice. Bolden staggered outside and collapsed some distance from the building. No gun was found on the body or at the scene. Nor did any witness see a gun in the possession of the deceased during these events. Bolden was shot twice; one bullet pierced his mid-back and punctured his heart, the other entered the back of his thigh about three inches above the knee and fractured his tibia.
Bill of Exceptions No. 1. This bill was reserved to the trial court's denial of defendant's motion for a new trial grounded on discovery of new evidence.
At trial the defendant testified that he shot Bolden because he saw an outline that appeared to be a gun in Bolden's back pocket and he though Bolden was reaching for the gun at the time he shot him.
The remainder of evidence adduced at trial indicates strongly that the deceased was simply shot as he was going through the door and that he did not turn or reach for anything.
In his motion for a new trial defendant submitted an affidavit from an alleged newly discovered witness, David Fortson, which stated that the deceased had accosted him on the night of his death with a pistol at approximately 8:00 p. m. and had demanded money. The crime before the bar apparently occurred sometime between 8:30 and 8:55 p. m.
C.Cr.P. 851 provides in pertinent part:
"The court, on motion of the defendant, shall grant a new trial whenever:
. . . . . .
"(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty;
. . . . . .
"(5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant *582 may not be entitled to a new trial as a matter of strict legal right."
In order to compel the grant of a new trial under C.Cr.P. 851(3), the new evidence must be material and such as would probably have changed the verdict of guilty if it had been introduced at trial. State v. Miller, 254 La. 73, 222 So.2d 862 (1969); State v. Jackson, 253 La. 205, 217 So.2d 372 (1968); State v. Cancler, 252 La. 380, 211 So.2d 298 (1968). See, State v. George, 273 So.2d 34 (La.1973).
We find that the trial court did not abuse its discretion in denying defendant's motion. Under the circumstances it is not reasonable to believe that the new evidence would have affected the verdict. Cf. State v. Randolph, 275 So.2d 174 (La.1973).
This bill is without merit.
Bill of Exceptions No. 2. This bill was reserved when an evidentiary hearing was denied on the new trial motion. The motion for a new trial was accompanied by an affidavit of the newly found witness. In his affidavit, the witness related the testimony he would give at trial as to the decedent's being armed. For the purpose of the hearing of the motion on the new trial, the judge accepted the facts as related in the affidavit as true, but nonetheless, found that the new evidence would not have changed the verdict. An evidentiary hearing was not necessary and would have merely been repetitious because of the affidavit. The judge did not abuse his discretion in denying this motion.
This bill is without merit.
Bill of Exceptions No. 3. This bill was reserved when an oral motion for a continuance was denied at the hearing on the new trial motion. The motion was made after conclusion of argument on the motion for a new trial and after the trial court had ruled on that motion.
Although defense counsel alleges that he was not prepared to go forward with the hearing and had appeared only for the purpose of setting a date for the hearing, we note that he did not object to commencing the proceeding and did argue on the merits.
C.Cr.P. 707 provides:
"An application for a continuance shall be by written motion alleging specifically the grounds upon which it is based, and when made by a defendant, must be verified by his or his counsel's affidavit."
C.Cr.P. 708 provides:
"A continuance is the postponement of a scheduled trial or hearing, and shall not be granted after the trial or hearing has commenced. A recess is a temporary adjournment of a trial or hearing that occurs after a trial or hearing has commenced."
The motion by defendant was neither timely nor based on substantial reason.
This bill is without merit.
For the reasons assigned the conviction and sentence are affirmed.