323 So.2d 446 (1975)
STATE of Louisiana
v.
Willie James GIBSON.
No. 56567.
Supreme Court of Louisiana.
December 8, 1975.
*447 J. N. Dimos, Dimos, Brown & Erskine, Monroe, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Johnny Carl Parkerson, Dist. Atty., James A. Norris, Jr., Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The State charged the defendant, Willie James Gibson, with armed robbery in violation of LSA-R.S. 14:64. The jury found him guilty as charged. Defendant filed a motion for a new trial, which the court denied. The Court then sentenced him to fifteen years imprisonment. On appeal to this Court, defendant relies upon three assignments of error. We find no merit in any of them, and, accordingly, we affirm his conviction and sentence.

ASSIGNMENT OF ERROR NO. 1
Defendant contends that the trial court erred in accepting into evidence certain items of clothing identified solely by the victim of the alleged crime. We have reviewed the trial transcript and find that defense counsel did not object to the admission of the items when they were tendered. Under Article 841 of the Louisiana Code of Criminal Procedure, defendant cannot now avail himself of this alleged error.

ASSIGNMENT OF ERROR NO. 2
According to the brief filed in this Court, defendant's second assignment of error addresses itself to the trial court's ruling allowing an in-court identification of the defendant by the victim, based upon an allegedly suggestive out-of-court photographic lineup. This complaint was not included among the assignments of error in the record. Neither is it an error that is discoverable by a mere inspection of the pleadings and proceedings and without an inspection of the evidence. Therefore, under Article 920 of the Louisiana Code of Criminal Procedure, the alleged error cannot be considered on appeal.

ASSIGNMENT OF ERROR NO. 3
Defendant contends that the trial court erred in denying his motion for a new trial. The motion was based upon two grounds. First, defendant alleges that the verdict was contrary to the law and evidence. It is well established in Louisiana jurisprudence that the refusal of a trial judge to grant a motion for a new trial based on such an allegation presents nothing for this Court's review. See, e.g., State v. Lisenby, La., 306 So.2d 692 (1975).
Secondly, defendant sought a new trial on the grounds of newly discovered evidence which was allegedly unavailable at the time of trial and which, he submits, would probably have changed the verdict. The new evidence consisted of two witnesses whom defendant found subsequent to trial. Concededly, the testimony of the first witness would have been merely cumulative and corroborative of previous alibi testimony. Defense counsel stated that that he did not know the nature of the testimony of the other witness, because he had never talked to her. Neither witness testified at the hearing on the motion for a new trial.
The jurisprudence is clear that a motion for a new trial based on newly discovered evidence should be granted only when evidence alleged to be newly discovered was not discovered before or during the trial and is of such import that if it *448 had been introduced at trial, it probably would have changed the verdict or judgment of guilty. LSA-C.Cr.P. Art. 851; State v. Miller, 254 La. 73, 222 So.2d 862, cert. denied, 396 U.S. 1021, 90 S.Ct. 592, 24 L.Ed.2d 513 (1969). We hold that the trial judge did not abuse his discretion in denying the motion for a new trial.
For the reasons assigned, the conviction and sentence are affirmed.