336 So.2d 859 (1976)
STATE of Louisiana
v.
Derwin J. TERREGANO.
No. 57580.
Supreme Court of Louisiana.
June 21, 1976.
Concurring Opinion July 2, 1976.
Rehearing Denied September 10, 1976.
*860 Albert S. Dittmann, Jr., Kronlage, Dittmann & Caswell, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
Concurring Opinion of Justice Dennis July 2, 1976.
SANDERS, Chief Justice.
The State charged the defendant, Derwin J. Terregano, with the crime of indecent *861 behavior with a juvenile contrary to the provisions of LSA-R.S. 14:81. The jury found him guilty as charged. The judge sentenced him to one year imprisonment, which he suspended, and placed him on active probation for one year. The defendant relies upon eight assignments of error for reversal of his conviction and sentence. Finding merit in none of them, we affirm.

ASSIGNMENT OF ERROR NO. 1
Defendant assigns as error the trial court's denial of his motion to quash the bill of information, contending that the bill "failed to allege each and every fact and circumstance necessary to constitute a crime and/or did not inform the accused of the nature and cause of the accusation against him but merely conclusions of law and no fact." The bill of information reads as follows:
"DERWIN TERRIGANO, late of the Parish of Orleans, on the twenty-eighth day of November in the year of our Lord, one thousand nine hundred and seventy-four with force and arms in the Parish of Orleans aforesaid, and within the jurisdiction of the Criminal District Court for the Parish of Orleans did wilfully and unlawfully violate R.S. 14:81, relative to indecent behavior with a juvenile, in that he, the said DERWIN TERRIGANO being over the age of seventeen years, did commit a lewd, lascivious and sexually indecent act upon the person of one [named person], a female eight years of age, with the intent of arousing or gratifying sexual desire."
This bill of information precisely tracks the language of the statute, LSA-R.S. 14:81. We find that it sufficiently and fully informed the defendant of the nature and cause of the accusation against him so that he could prepare his defense and plead the judgment as a bar to any subsequent prosecution for the same offense. See State v. Prejean, 216 La. 1072, 45 So.2d 627 (1950), in which we held a similar bill of information valid.
The assignment of error is without merit.

ASSIGNMENTS OF ERROR NOS. 3 AND 4
In these two assignments of error, defendant contends that the trial court committed reversible error in allowing the victim's mother to testify that on the day of the offense, her daughter called her from her grandmother's house and said that she wanted to come home because she had something to tell her mother, and that when she came home she immediately started crying and screaming, dropped her clothes and game to the floor, and told her mother, "Derwin got me, mama."
In State v. Pace, La., 301 So.2d 323 (1974), we held similar evidence admissible under the res gestae doctrine as well as under a special exception to the hearsay rule relating to the original complaint of a sex-offense victim. The rationale underlying the admitting into evidence of the victim's original complaint is particularly strong where the complainant is a young child. The trial judge in the instant case correctly held that State v. Pace controls under these circumstances. In our opinion, the testimony is admissible under the special exception.
The assignments of error are without merit.

ASSIGNMENT OF ERROR NO. 5
Defendant contends that the testimony of the victim's mother should have been stricken from the record because someone from the prosecuting attorney's office spoke to her about her daughter's testimony prior to her own testifying. Upon the objection by the defense attorney, the court ordered the jury out of the courtroom and held a hearing. The victim's *862 mother at first responded that someone had told her what her daughter had said on the witness stand. However, she later strongly denied this, stating that she was "incorrect" and that she had only been asked whether she had told her daughter what to say in court. The judge, finding that the rule of sequestration had not been violated, overruled the objection and permitted her to proceed with her testimony.
Defendant offers no evidence or allegations to dispute the witness's assertions that she was not informed of the substance of her daughter's testimony. Further, we have no such pleading as a motion to strike in Louisiana criminal procedure.
The assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 6
Defendant alleges that the trial judge erred in overruling his objection to an "argumentative" question that "assumed and utilized facts not in evidence" which the prosecuting attorney asked a defense witness. It is well established that while an attorney should not be permitted to mold the testimony of a witness, a verdict should only be disturbed on that ground where there was clear abuse calculated to prejudice the rights of the accused. See, e.g., State v. Washington, La., 294 So.2d 794 (1974). Control of the examination of witnesses is within the sound discretion of the trial judge and his rulings in respect thereto will not be disturbed in the absence of an abuse of discretion. State v. Fulmer, 263 La. 971, 270 So.2d 116 (1972).
We find no prejudice to the defendant nor any abuse of discretion on the part of the trial judge.

ASSIGNMENT OF ERROR NO. 7
In this assignment of error, the defendant contends that a mistrial should have been ordered under Louisiana Code of Criminal Procedure Article 770(2) because the District Attorney allegedly referred to another crime committed by the accused, about which evidence was not admissible. He also avers that the District Attorney failed to comply with the procedural guidelines for the use of evidence of other similar offenses set forth in State v. Prieur, La., 277 So.2d 126 (1973). The following cross-examination of the defendant by the prosecuting attorney is the basis for the defendant's assignment of error:
"Q: Had you ever made any advances previous to this time on advances previous to this time on [the victim]?
A: No.
Q: You're sure that you . . .
BY [DEFENSE ATTORNEY]: Object to the phraseology of the question. It's an insinuative question.
BY THE COURT: I'll overrule you. He's under cross-examination.
BY [DEFENSE ATTORNEY]: I'd still note an objection.
BY THE COURT: Alright, sir.
Q: Did you ever talk to [the victim]?
A: Yes. I speak to everybody.
Q: How often did you talk to her?
A: When I see her.
Q: Did you ever approach her and say anything to her in the way of inviting her into sexual conduct?
A: No.
Q: You're sure about this?
A: I'm sure.
Q: Are you sure that a couple months before this incident . . .
BY [DEFENSE ATTORNEY]: Object. We're only concerned about the 28th of November, 1974, and I again object to the insinuations.

*863 BY THE COURT: Do you have a specific date . . .?
BY [PROSECUTING ATTORNEY]: I can't place a date, Your Honor.
BY THE COURT: I'll have to sustain your objection . . . ."
The defense attorney then moved for a mistrial, which the court denied on the ground that the question had not been answered. The judge instructed the jury to disregard the question.
Because of the defendant's prompt objection to the question, which the trial judge sustained, the witness never responded to the question and no evidence of other offenses allegedly committed by the defendant was ever in fact admitted except for his denials thereof. The question itself furnished no prohibited information; only an answer thereto could have done so. Consequently, we have held in the past that it is the compulsory extraction of the facts sought by a question rather than the question which is prohibited. See State v. Maney, 242 La. 223, 135 So.2d 473 (1961).
Moreover, "making advances" is merely preparatory to the commission of this crime, and evidence of advances only is not evidence of other crimes. The defendant's answers were negative, and we find that he was not prejudiced by these interrogatory, non-assertive questions which were asked for the purpose of establishing a relationship between the parties. State v. Prieur, supra, is thus inapplicable and the assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 8
After the verdict, the defendant filed a motion for a new trial, based primarily on the alleged discovery of new evidence. He assigns this error to the overruling of his motion by the trial judge following a hearing thereon. He also urges that the verdict was contrary to the law and the evidence, which allegation presents nothing for this Court's review on appeal. See, e.g., State v. Williams, 262 La. 160, 262 So.2d 507 (1972).
After a careful review of the transcript of the hearing on the motion for a new trial, we affirm the trial court's ruling that most of the witnesses were present at the trial, but did not then testify, and that the testimony at the hearing was merely corroborative of witnesses who did testify on behalf of the defendant. The defendant elicited no new evidence, nor did he present any newly discovered witnesses at the hearing.
It is well settled that a motion for a new trial based on the ground of newly discovered evidence is not favored in the law and should be received with extreme caution; that the determination of whether to grant the new trial on this ground is largely within the trial judge's sound discretion; and that his ruling will not be disturbed on appeal absent a showing of an abuse of discretion. State v. Ferguson, La., 307 So.2d 361 (1975); State v. Cancler, 252 La. 380, 211 So.2d 298 (1968).
The assignment of error has no merit.
For the reasons assigned, the conviction and sentence are affirmed.
CALOGERO, J., concurs with reasons.
DENNIS, J., concurs and assigns reasons.
DIXON, J., dissents with reasons.
CALOGERO, Justice (concurring).
With respect to assignments three and four, testimony of the eight year old victim's mother concerning her daughter's statement following the crime is here admissible but not because part of the res gestae.
*864 DENNIS, Justice (concurring).
The original complaint of the victim is admissible under the circumstances of the case, but I do not agree that it is part of the res gestae.
I respectfully concur.
DIXON, Justice (dissenting).
I respectfully dissent. It seems to me that State v. Edwards, 283 So.2d 231 (1973) requires the reversal of this conviction under Assignment of Error No. 1. The bill of information charges none of the essential elements of the crime.