**John W. CANCLER, Petitioner-Appellant,**

v.

**Ross MAGGIO, Acting Warden, Louisiana State Penitentiary, Respondent-Appellee.**

No. 76–3263.

United States Court of Appeals, Fifth Circuit.

April 14, 1977.

Gregory Pechukas, New Orleans, La. (Court-appointed), for petitioner-appellant.

William J. Guste, Jr., Atty. Gen. of La., William L. Brockman, Harry F. Connick, Dist. Atty., Geraldine S. Veazey, Brian G. Meissner, Asst. Dist. Attys., New Orleans, La., for respondent-appellee.

Before GEWIN, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

We review on appeal the trial court's denial of a petition for habeas corpus brought by a Louisiana prisoner in the respondent's custody.

Petitioner was convicted of burglary in a Louisiana state court jury trial, and sentenced as a third offender to eighteen years confinement. The conviction was affirmed. *State v. Cancler*, 252 La. 380, 211 So.2d 298 (1968).

On two prior appeals[1] we remanded this case to the district court for the production and examination of the state trial transcript to determine whether due process was violated by the state's introduction of evidence regarding an extraneous similar

---

1. As to the first appeal, see *Cancler v. Henderson*, 460 F.2d 1261 (5th Cir. 1972).

As to the second appeal, No. 73–2191, the case was remanded by an unreported order, January 28, 1974.

offense, occurring six months earlier, for the limited purpose of showing "intent, system, and knowledge".

A review of the entire state record, including the trial transcript, persuades us that even if the evidence of the extraneous offense was improperly admitted, concepts of fundamental fairness were not violated, and that the admission of such evidence was harmless error beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Hills v. Henderson,* 529 F.2d 397 (5th Cir. 1976).

The judgment of the district court is AFFIRMED.