JjPLOTKIN, J.
Terry J. Allen was convicted of possession of cocaine and sentenced to forty months imprisonment, as a multiple offender. On appeal, defendant asserts four assignments of error. We affirm defendant’s conviction, vacate his sentence and remand for resentencing, for the reasons that follow.

STATEMENT OF THE CASE

Defendant was charged by bill of information on September 80, 1997 with possession of cocaine, a violation of La.R.S. 40:967(C). Defendant pleaded not guilty at his January 16, 1998 arraignment. A hearing on the motion to suppress was held on April 15, 1998. The trial court denied the motion to suppress on April 22, 1998. A bench trial was held on May 19, 1998, and the trial court took the matter under advisement. On February 26, 1999, the trial court found defendant guilty as charged, and sentenced him to three years at hard labor. On April 29, 1999, the trial court found defendant to be a third-felony habitual offender, vacated the original sentence, and resentenced him to forty months at hard labor, with credit for time served. Defendant noted an objection and intent to take an appeal. The trial court denied defendant’s motion for new trial on September 15, 2000.

\ ¿FACTS

New Orleans Police Officer Scott Ray-ford testified that at approximately 4:30 a.m. on April 30, 1997, he and his partner, Officer Chris Davis, responded to a call reporting an aggravated assault at 1213 South Saratoga Street. Once let into the residence, the officers placed two men against the wall. One of the men, defendant, stuffed what appeared to be a plastic package into his mouth. He began to gag and within seconds, spit out the package, which was found to contain several white rock-like substances believed to be crack cocaine. Officer Rayford identified the plastic package and the cocaine. Officer Rayford testified on cross-examination that other individuals were present at the residence at the time of the arrest.
Officer Christopher Davis testified that he and Officer Rayford received a complaint from a citizen at 2040 Felicity Street that someone had pointed a gun at him when he was at 1213 South Saratoga Street. The officers relocated to the South Saratoga Street residence with the victim. Upon arrival, the individual who had pointed the gun at the victim answered the door, and was immediately frisked by the officers. No gun was found. The officers observed three other males, including defendant, sitting in the second bedroom, and took them into the living room. Officer Davis said they were looking for the gun involved in the aggravated assault, and started patting down the three males. Defendant placed something into his mouth, and subsequently began gagging, before spitting out some crack cocaine. A gun was found in the bedroom where defendant had been sitting. Officer Davis identified the cocaine with his name on the evidence envelope.
I aIt was stipulated that if Teresia Lang were called as a witness, she would be qualified as an expert in the testing and analysis of controlled substances, and would testify that the substances introduced in evidence tested positive for cocaine.
Defendant testified that he arrived at the residence in question at approximately 4:00 a.m. that morning, and heard about the earlier incident between Ulysses Morgan and the alleged victim of the aggravated assault. Five to ten minutes later, Officers Davis and Rayford arrived with the victim. The victim pointed out Ulysses Morgan as the perpetrator, and police *65 wrestled him to the ground and handcuffed him. Defendant, who testified that he was still on the front porch, told the officers they did not have to “handle [Morgan] like that.” Defendant said something else, and when an officer responded, defendant told him to get out of his face. At that point Officer Rayford said something about defendant interfering with police, and handcuffed him. Officer Rayford entered the residence and returned minutes later with cocaine. Defendant denied that the cocaine belonged to him, and testified that he was not aware the cocaine had been in the residence. The officer asked defendant if he knew to whom the cocaine belonged, commenting that defendant must know since he knew everything else. Defendant replied to the officer that “[i]t must have been for your mama.” At that point, Officer Davis grabbed defendant and placed him in the back seat of the police car. Officers later emerged from the residence with a gun. The officers informed defendant, Morgan, and a third individual that they were all being charged with possession of the cocaine and the gun. Defendant admitted two prior felony convictions: possession of cocaine in 1989, and a weapon charge in 1990.

\ ¿ERRORS PATENT

A review of the record reveals two possible errors patent. First, the record reflects that the trial court sentenced defendant on the same date that it convicted him. La.C.Cr.P. art. 873 requires a minimum three-day delay between a felony conviction and sentence, unless the defendant expressly waives such delay. There is no indication that defendant waived such delay. However, the harmless error rule applies to the court’s failure to adhere to this three-day sentencing delay. State v. James, 96-472, p. 2 (La.App. 3 Cir. 12/11/96), 687 So.2d 485, 486, writ denied, 97-0069 (La.5/16/97), 693 So.2d 796.
The second possible error patent is that the trial court did not rule on defendant’s motion for new trial until September 15, 2000, after sentencing. A motion for new trial must be filed and disposed of before sentencing. La.C.Cr.P. art. 853. The failure to rule on a motion for new trial before sentencing is an error patent, requiring that the sentence be vacated and the case remanded for resen-tencing. State v. Lewis, 97-1549, p. 4 (La.App. 4 Cir. 2/3/99), 727 So.2d 1274, 1276, writ denied, 99-0567 (La.6/18/99), 745 So.2d 21.
The record contains a pro se motion for new trial filed by defendant, but there is no indication as to the date on which the motion was filed. A March 29, 1999 docket master entry states that the trial court set for hearing a previously filed motion for new trial. It is implicit in La.C.Cr.P. art. 853 that a motion for new trial cannot be filed until after conviction. If a defendant files a motion for new trial after sentencing, it cannot be error for a trial court to rule on it after | ^sentencing. State v. Guy, 99-1893, pp. 4-5 (La.App. 4 Cir. 8/10/00), 775 So.2d 454, 457.[1]
It appears that defendant was prejudiced by the court’s failure to give him the three-day delay required by La.C.Cr.P. art. 873, in that he was unable to timely file a motion for new trial, and the trial court was unable to rule on that motion before sentencing. This alone would be grounds to vacate defendant’s sentence. However, in addition, we vacate defendant’s habitual offender adjudication in response to defendant’s third assignment of error.

*66
ASSIGNMENT OF ERROR NO. 1

In his first assignment of error, defendant claims that his conviction and sentence should be vacated because the record is missing a transcript from the motion to suppress hearing.
La. Const. Art. I, § 19 provides that “[n]o person shall be subjected to imprisonment ... without the right of judicial review based upon a complete record of all evidence upon which the judgment is based.” La.C.Cr.P. art. 843 requires, in all felony cases, the recording of “all of the proceedings, including the examination of prospective jurors, the testimony of witnesses, statements, rulings, orders, and charges by the court, and objections, questions, statements and arguments of counsel.” As a corollary, La.R.S. 13:961(C) provides that, in criminal cases tried in the district courts, the court reporter shall record all portions of the proceedings required by law and shall transcribe those portions of the proceedings required. A criminal defendant has a right to a complete transcript of his trial proceedings, particularly where appellate counsel on appeal was not also trial counsel. State v. Landry, 97-0499, p. 3 (La.6/29/99), 751 So.2d 214, 215. However, this court has held that under some circumstances a complete appellate review of a conviction and sentence can be accomplished, even when there are missing portions of the trial record. See, e.g., State v. Cooley, 98-0576, p. 9 (La.App. 4 Cir. 11/17/99), 747 So.2d 1182, 1187, writ denied, 2000-0225 (La.12/15/00), 777 So.2d 475. An incomplete record may be adequate for appellate review. State v. Hawkins, 96-0766, p. 8 (La.1/14/97), 688 So.2d 473, 480. Finally, a defendant is not entitled to relief absent a showing of prejudice based on the missing portions of the transcripts. State v. Castleberry, 98-1388, p. 29 (La.4/13/99), 758 So.2d 749, 773, cert. denied, Castleberry v. Louisiana, 528 U.S. 893, 120 S.Ct. 220, 145 L.Ed.2d 185 (1999).
Defendant’s only argument to support his claim is that a question arose during trial as to exactly when Officer McCraney arrived on the scene, and what part he played in defendant’s arrest. A minute entry from the first day of the motion to suppress hearing, April 14, 1999, reflects that Officer McCraney testified at the hearing. He did not testify at trial. During cross-examination of Officer Rayford and Officer Davis, defense counsel asked questions regarding Officer McCraney, whose signature was on the evidence. Officer Rayford testified that Officer McCra-ney was with him and Officer Davis when he entered the residence. Defense counsel represented that Officer McCraney had testified that he did not arrive at the scene until everything was over, presumably meaning after defendant had been arrested. Officer Rayford conceded that the initial call had been assigned to himself and Officer Davis, and agreed that it would be reasonable for Officer McCraney to have testified that he was not there at first.
^Defendant’s testimony contradicted that of Officers Rayford and Davis, the only officers to testify at trial, relative to the events leading to his arrest. However, since it is defense counsel’s position that Officer McCraney was not there until after the arrest was made, Officer McCraney’s testimony would be irrelevant to the facts surrounding the recovery of the cocaine. Defendant does not allege that the trial court erred in denying his motion to suppress the evidence. Defendant makes no showing that he is prejudiced by the absence from the record of the motion to suppress hearing testimony by Officer McCraney.
There is no merit to this assignment of error.

*67
ASSIGNMENT OF ERROR NO. 2

In this assignment of error, defendant claims the trial court erred in failing to conduct a hearing or rule on his motion for new trial.
Subsequent to the filing of defendant’s brief, the trial court denied his motion for new trial, albeit without a hearing. Defendant’s pro se motion for new trial was based on two grounds: (1) that the verdict was contrary to the law and evidence; and (2) newly discovered evidence. Defendant asserted that Officer McCraney was not on the scene, and that consequently anything he wrote in the police report was hearsay. Defendant also asserted that the State only introduced nine pieces of crack cocaine at trial, whereas the police report purportedly listed eleven pieces of crack cocaine.
In State v. Jackson, 570 So.2d 227, 231 (La.App. 5 Cir.1990), habeas corpus granted on other grounds, 1996 WL 225021 (E.D.La.1996), rev’d, 121 F.3d 705 (5th Cir. 1997), cert. denied, Jackson v. Day, 523 U.S. 1006, 118 S.Ct. 1191, 140 L.Ed.2d 321 (1998), the Louisiana Fifth Circuit Court of Appeal found that:
|sC.Cr.P. art. 852 provides that the motion “shall be tried contradictorily with the district attorney;” however, historically the method of hearing motions for new trial has been left to the trial judge’s discretion. In State v. Varnado, 154 La. 575, 97 So. 865, 868 (1923) the Supreme Court held that:
“... If the reading of the motion imparts to him sufficient knowledge to enable him to intelligently dispose of the matter, he cannot be arbitrarily required to delay his ruling for the purpose of further hearing or argument. The accused is not entitled to compulsory process to obtain witnesses in support of his motion for a new trial, and the examination of witnesses to prove newly discovered evidence is within the discretion of the trial judge.... ”
In State v. Barfield, 292 So.2d 580, 582 (La.1974), the Supreme Court found no error when the trial court disposed of the motion for new trial on the basis of the affidavits submitted with the motion. The court observed that “[a]n evidentia-ry hearing was not necessary and would have been merely repetitious because of the affidavit.”
In the present case, the trial judge determined that the proffered evidence was suspect, because it should have been discovered prior to or during trial but was not, despite the availability of witnesses and the two and one-half year delay in bringing the case to trial. We find no error in the trial court’s choosing not to conduct an evidentiary hearing and in denying the motion for new trial.
Here, Officer McCraney’s role in the arrest has previously been discussed. Defendant was convicted on the testimony of Officers Rayford and Davis and the cocaine introduced at trial, not on information contained in Officer McCraney’s police report. The September 15, 2000 minute entry reflecting the trial court’s denial of the motion for new trial states that the court reviewed the record, then denied the motion. There is no statutory or jurisprudential authority mandating a hearing on motions for new trial, and no hearing was necessary to rule on defendant’s motion for new trial.
There is no merit to this assignment of error.

^ASSIGNMENT OF ERROR NO. 3

In this assignment of error, defendant claims the trial court erred in adjudicating him a third-felony habitual offender, as the State failed to prove either that the predicate guilty pleas were know *68 ingly and voluntarily entered, or that defendant was the same individual previously convicted.
Defense counsel cross-examined the State’s witness concerning fingerprint evidence proving that defendant had been previously convicted, and specifically objected at trial that the State failed to prove that defendant was the same person previously convicted or that he had been properly Boykinized prior to his guilty pleas. Therefore, these issues have been preserved for review. See State v. Hayden, 98-2768, pp. 22-23 (La.App. 4 Cir. 5/17/00), 767 So.2d 732, 746-747.
In State v. Alexander, 98-1377 (La.App. 4 Cir. 2/16/00), 753 So.2d 933, this court stated:
LSA-R.S. 15:529.1D(l)(b) states that the district attorney has the burden of proving beyond a reasonable doubt any issue of fact and that the presumption of regularity of judgment shall be sufficient to meet the original burden of proof. In State v. Shelton, 621 So.2d 769, 779-780 (La.1993), the Supreme Court stated:
If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden of proof if it introduces a “perfect” transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self-incrimination, and his right to Imconfront his accusers. If the State introduces anything less than the “perfect” transcript, for example, a guilty plea form, a minute entry, an “imperfect” transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that the defendant’s prior guilty plea was informed and voluntary, and made with an articulated waiver of the three Boykin rights. (Footnotes omitted).
98-1377 at pp. 5-6, 753 So.2d at 937.
The State’s exhibits introduced at the habitual offender hearing are missing from the record. The transcript of the habitual offender proceeding reflects that the two prior convictions were pursuant to guilty pleas. However, neither the record nor the transcript reflect that defendant was represented by counsel at those prior guilty pleas. Thus, the State has failed to meet its initial burden of proving that defendant was represented by counsel. The record contains no objective proof that defendant was fully Boykinized prior to entering the two guilty pleas. The only evidence that supports proper Boykinization in this case is a reference to a waiver of constitutional rights-plea of guilty form by the police officer testifying at the habitual offender hearing, and the prosecutor’s self-serving assertion at the hearing that defendant had been “properly” Boykinized. In addition, the identification of defendant was made through the matching of his fingerprints to those found on two arrest registers, and the linking of the arrest registers to other documentary evidence establishing the two convictions. This linking of documents through a defen *69 dant’s social security number, date of birth, name, case number, etc. can be sufficient to establish identity. State v. Anderson, 99-1407, p. 6 (La.App. 4 Cir. 1/26/00), 753 So.2d 321, 325; State v. Isaac, 98-0182, p. 7 (La.App. 4 Cir. 11/17/99), 762 So.2d 25, 28-29. However, whether the linking of these |documents was sufficient to establish identify cannot be adequately reviewed in the instant case absent the documents.
The State filed a brief on February 2, 2001. In its brief, the State asserts that it has located the missing exhibits in the district attorney’s file in its warehouse, and is filing with the brief, a motion to supplement the record. However, the motion to supplement was attached to the brief, and thus not properly filed with this court. Additionally, the motion to supplement the record does not contain the original exhibits the State asserts that it found; rather it contains photocopies of documents which do not clearly display exhibit numbers.
There is merit to this assignment of error.
Accordingly, defendant’s adjudication and sentence as a habitual offender are reversed, and the case remanded for re-sentencing.

ASSIGNMENT OF ERROR NO. 4

In this assignment of error, defendant asserts that if it was found that defense counsel failed to preserve for review the issues addressed in the previous assignment of error, then counsel was ineffective in failing to do so. This assignment of error is moot, because defense counsel clearly preserved those issues for review, and they have been addressed.

CONCLUSION

For the foregoing reasons, defendant’s conviction is affirmed. Defendant’s adjudication and sentence as a third-felony habitual offender is vacated, and the case is remanded for resentencing.

CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.

. Actual date of decision appears to have been 7/19/00.